Reid S. Moule, J.
The plaintiff seeks an order of the court in Special Term requiring George H. Miller, road foreman of engines of the defendant railroad to answer a question asked by plaintiff’s attorney on an examination before trial. It was objected to by defendant railroad’s attorney, who also opposes the motion for the order.
The action is one to recover damages for injury and death caused by alleged acts of negligence on the part of the defendant railroad and another.
Plaintiff’s complaint alleges, among other things, that on September 29, 1956, plaintiff’s intestate was lawfully working on a train of the defendant at the Wayneport icing station when the train moved and that consequently he was thrown *1027 to the ground and the tracks and sustained injuries which caused his death.
It is also claimed that certain cars were out of repair, and 1 ‘ that the said train was moved in a main line operation without the use of the prescribed air brake system (Par. 14) both of which contributed to the accident.”
The question asked of Miller is: “ As between methods of using the air brakes in such an operation as at Wayneport, would there be a difference in the amount of slack which would run back through a train ”?
Previously, in the same examination before trial, Charles B. Fleming, general manager of the defendant railroad was examined. He testified that he did not know when the cars were moved up to the icing machine and stopped for the icing whether or not the engineers customarily stopped the train with the automatic or the air brakes; that when the independent brakes on diesel engines were used to stop the train, there would be some slack action of the train depending on the grade of the track but more than when the automatic or air were used which braked all of the cars.
The controversial question was asked, not of the general manager, but of Miller, the road foreman of engines with territory from Syracuse to Lyons. He was not present at the time of the accident and had no personel knowledge of it.
The defendant railroad’s attorney objected to the question on the grounds that it called for opinion or expert testimony.
First, it does not seem that the testimony would be relevant as to the different methods of using the air brakes since the plaintiff has alleged in the complaint that the train was moved without the use of the prescribed air brake system.
Second, the plaintiff is not entitled to have the question answered for the answer would call for opinion or expert testimony. (See the following: Reif v. Gebel, 246 App. Div. 776, 777; Pierce v. Morris, 192 App. Div. 502, 504; Vaughn v. City of New York, 132 N. Y. S. 2d 919, 920; Sebmar Garage Corp. v. Rink Realty Corp., 107 N. Y. S. 2d 270, 272; Goepp v. American Overseas Airlines, 72 N. Y. S. 2d 862, 864; 27 C. J. S., Discovery, § 32, p. 93.)
Also, in New York University Law Review (Vol. 32, pp. 1075-1076, 1957), it is stated: “ Similarly, an examination before trial will not be permitted where the opinions or conclusions of witnesses are sought ”.
Motion denied, without costs. Submit order accordingly.