ELIZABETH G. KENNELLY, as Administratrix of the Estate of GEORGE KENNELLY, Deceased, Plaintiff, *v.* ST. MARY'S HOSPITAL OF TROY, Defendant.

Supreme Court, Special Term, Rensselaer County, December 20, 1966.

*Wager, Taylor, Howd & Brearton (James E. Brearton* of counsel), for plaintiff. *Maynard, O'Connor & Smith (John A. Murray* of counsel), for defendant.

T. PAUL KANE, J. Plaintiff moves for an order resolving the issues of negligence of the defendant and the freedom from contributory negligence of the plaintiff's intestate in accordance with the claims of the plaintiff in paragraphs 11 and 12 of an amended and supplemental complaint, unless the defendant agrees to certain disclosures (CPLR 3126, subd. 1) within 30 days.

This is a personal injuries action against the defendant hospital commenced on June 24, 1965. On February 22, 1965, while a patient at the defendant hospital, plaintiff's intestate was severely burned when the oxygen tent he was in allegedly burst into flames. Plaintiff's intestate alleges negligence on the part of the defendant hospital.

There have been several pretrial motions in the case, the most recent of which is this subject motion. Plaintiff seeks to have the hospital administrator answer certain hypothetical questions which require the expression of an expert opinion. During a recent examination of this administrator such questions were asked but objected to by the attorney for the defendant, which precipitated this motion. Plaintiff also seeks to require an acting administrator, serving in that capacity on February 22, 1965, to answer the same hypothetical questions. The other items of discovery do not carry the same thrust and will be dealt with secondarily.

On November 25, 1964, the Court of Appeals of this State answered a question of first impression concerning the right of a plaintiff in a malpractice suit to call a doctor against whom she brought the action and question him as a medical expert (*McDermott* v. *Manhattan Eye, Ear & Throat Hosp.,* 15 N Y 2d 20). In a unanimous decision, the court held that a plaintiff may call a doctor who is a defendant and question him as an expert witness, not only as to relevant facts within his knowledge but also to examine him with regard to the standard of skill and care ordinarily exercised by physicians in the community under like circumstances and with regard to whether his conduct con-

formed to those standards. This court now has basically the same question before it in relation to pretrial discovery. May a plaintiff at an examination before trial ask opinion questions of a defendant in his field of expertise?

Until the passage of the CPLR and the rendering of the *McDermott* decision, the law in this State was quite clear that questions calling for answers based on expert knowledge and opinion could not be asked at an examination before trial. (*Pfaudler Permutit, Inc.* v. *Stanley Steel Serv. Corp.*, 28 Misc 2d 388; *Murphy* v. *New York Cent. R. R. Co.*, 17 Misc 2d 1026; *Reif* v. *Gebel*, 246 App. Div. 776; *Bartlett* v. *Sanford*, 244 App. Div. 722.) Such seems to be the weight of authority throughout the United States (27 C. J. S., Discovery, § 32[1]).

Considering the effect of the CPLR alone, there has been a broadening and liberalization of discovery rules (CPLR 104, 3101, subd. [a]). An examination to elicit testimony which would be inadmissible at trial as a matter of law, was not generally granted by older cases decided under former provisions. "Thus, for example, where hearsay testimony is sought, the courts have refused to grant an examination. Similarly an examination before trial has not been permitted where the opinions or conclusions of witnesses are sought, or where the testimony sought is inadmissible under the parol evidence rule, or where it deals with prior dissimilar accidents, or where it is sought to establish the general negligence or lack of skill of the defendant or where violation of company rules is designed to show negligence". (3 Weinstein-Korn-Miller, New York Civil Practice, par. 3101.05, quoting *Beyer* v. *Keller*, 11 A D 2d 426; *Vaughn* v. *City of New York*, 132 N. Y. S. 2d 919; *Sacks* v. *Greyhound Corp.*, 18 A D 2d 747.) This treatise continues: "Some of the prior decisions were too restrictive, apparently because they proceeded on the unexpressed theory that only information useful as evidence-in-chief could be obtained on a deposition. The better view is to permit evidence to be obtained which might be useful on cross-examination of a possible witness of a party". This new and forward approach, considered with the holding in the *McDermott* case, leads inevitably to the conclusion that the evidence formerly inadmissible at trial, now admissible under the *McDermott* holding, is therefore no longer inadmissible at an examination before trial. (*Charlton* v. *Montefiore Hosp.*, 45 Misc 2d 153.) This same rationale found in the *McDermott* case is applicable to pretrial discovery. The liberalization of our discovery rules has advanced the pursuit of truth and abrogated the sporting theory of justice.

The other items of discovery sought on this motion appear to have been obtained on previous occasions (item 2, exclusive of the hypothetical question, and item 3) or are not available (item 4). The motion in that respect is denied.

The motion as it relates to item 1 and item 2 in reference to the hypothetical question is granted. An order may be submitted containing the conditional terms of discovery (CPLR 3126).