FRAZIER *v.* HURD.

1. WITNESSES — EXPERT — MEDICAL — QUALIFICATIONS — OOPHO-
RECTOMY — OSTEOPATH.

Medical witness who has testified that he had no knowledge of
osteopathic standards and had never worked with an osteo-
pathic physician in connection with an oophorectomy was not
qualified to answer question relating to standards of osteopaths
in performance of oophorectomies even though offer of proof
was that he would testify that the method and technique
of medical and osteopathic schools of practice in the perform-
ance of an oophorectomy are precisely the same.

2. SAME—ASSISTING SURGEON AS AGENT OF DEFENDANT—CROSS-EX-
AMINATION.

Refusal of trial court to permit plaintiff in surgical malpractice
case to call osteopathic physician, who had assisted defendant
in performance of surgical operation, as witness for cross-
examination under statute permitting opposite party's agent
to be so called *held,* error, because assisting physician was
agent of defendant, who had power to control him, in per-
formance of operation (CLS 1961, § 600.2161).

Appeal from Wayne; Burdick (Benjamin D.), J.
Submitted Division 1 October 3, 1966, at Detroit.
(Docket No. 290.) Decided March 28, 1967. Rehear-
ing denied April 28, 1967. Leave to appeal granted
by Supreme Court June 8, 1967. See 379 Mich 765,
380 Mich 291.

Declaration by Frances Frazier against Douglas
B. Hurd for malpractice in performance of surgery.
Directed verdict and judgment for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses §§ 838, 844; 20 Am Jur, Evidence §§ 780,
784–787.
[2] 58 Am Jur, Witnesses § 560.

Plaintiff appeals. Reversed and remanded for new trial.

*Nat Gursten,* for plaintiff.

*Feikens, Dice, Sweeney & Sullivan,* for defendant.

J. H. Gillis, J. Defendant, Dr. Douglas B. Hurd, an osteopathic physician, assisted by Dr. A. Robert Klucka, performed an oophorectomy[1] on the plaintiff, Frances Frazier. Plaintiff had been referred to defendant by Dr. Klucka. Plaintiff's cause of action for malpractice arose out of the aforementioned surgical procedure.

At trial, plaintiff attempted to cross-examine Dr. Klucka, pursuant to the adverse party statute,[2] on the theory that he was the agent of the defendant when the operation was performed. The court ruled that Dr. Klucka was not an agent within the meaning of the statute and also overruled plaintiff's additional contention that the witness was hostile. Thereafter, plaintiff called Dr. Klucka as her own witness and he testified:

"I firmly believe the surgeon used good discretion at all times and that he followed the standards of his profession."

Plaintiff's second witness, Dr. Clarence S. Youngstrom, a medical doctor, testified on cross-examination that his training was exclusively as a medical doctor, that he had never worked with an osteopathic physician in connection with an oophorectomy, that he was not familiar with the rules and procedures of osteopathic surgeons and that he had no knowledge of osteopathic standards. On

---

[1] An oophorectomy is an incision into or removal of an ovary or ovarian tumor.

[2] CLS 1961, § 600.2161 (Stat Ann 1962 Rev § 27A.2161).

redirect examination plaintiff asked the witness the following question:

"Doctor, with reference to an oophorectomy, are you familiar with the standards or skill applied by osteopathic surgeons in oophorectomies?"

Plaintiff contends that while his witness

"may not know the standards of osteopathic surgeons in general, that he would know what the standards are with reference to an oophorectomy * * * he would say that the method and technique of the osteopathic school of medicine and the medical school of medicine in the performance of an oophorectomy are precisely the same."

The trial court sustained an objection to this question and subsequently granted the defendant's motion for a directed verdict.

On appeal plaintiff contends that the trial court erred in refusing to allow testimony of the medical doctor pertaining to osteopathic standards in performing an oophorectomy. The trial court's decision was in accord with the rule laid down in *Bryant* v. *Biggs* (1951), 331 Mich 64, 76:

"In view of the repeated statements that he had no knowledge of osteopathy or the methods and standards of practice generally of osteopathic practitioners, the conclusion necessarily follows that he was not competent to testify whether the defendants exercised due and proper care, according to the applicable test, in treating Mr. Bryant's ailment and in performing the operation."

In light of the increased similarity between osteopathic and medical procedures and in view of their mergers in some jurisdictions, this Court finds it difficult to subscribe to *Bryant*. However, we are bound by its holding which effectively defeats plaintiff's claim.

The next issue raised on appeal is whether the trial court committed reversible error in refusing to allow plaintiff to cross-examine Dr. Klucka as an agent of the defendant pursuant to the adverse party statute.

As a result of this determination, plaintiff was unable to impeach Dr. Klucka or show a violation of the standard of care on the part of defendant and was left without any expert testimony necessary to establish this malpractice claim.[3]

At trial, Dr. Klucka testified that he assisted defendant by holding the retractors. While performing this function he did so under the direction and control of Dr. Hurd. Had Dr. Klucka performed his job in a negligent manner, defendant could have been held responsible because he had the right to control the actions of Dr. Klucka. See *Barnes* v. *Mitchell* (1954), 341 Mich 7. In such a situation Dr. Klucka becomes the agent or servant of the defendant during the course of the operation.

Plaintiff should have been given the opportunity to cross-examine Dr. Klucka under the provisions of the adverse party statute and denial of this right constitutes reversible error.

Reversed and remanded for new trial. Costs to appellant.

LESINSKI, C. J., and HOLBROOK, J., concurred.

---

[3] For discussion on the propriety of using a defendant-doctor's testimony as the necessary expert testimony in a malpractice action, see *Giacobazzi* v. *Fetzer* (1966), 6 Mich App 308.