DOROTHY A. JOHNSON, as Administratrix of the Estate of LILLIAN ABBOTT, Deceased, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORP., Respondent.

Second Department, November 3, 1975

*Weinstein, Chayt & Bard, P. C. (Norman Bard* of counsel), for appellant.

*W. Bernard Richland, Corporation Counsel (Murray L. Lewis* and *L. Kevin Sheridan* of counsel), for respondent.

SHAPIRO, J. In this medical malpractice action the plaintiff conducted an examination before trial of the defendant, New York City Health & Hospitals Corp., by Dr. Bernard Gardner, who was the "first assistant and supervisor" at the operation performed on the plaintiff's deceased. As the deposition progressed, the plaintiff's counsel asked a series of questions relating to the procedures used in the operation. One of the questions was: "Is it the usual custom and practice in the performance of a right hemi-colectomy, to leave a twelve inch retractor in the abdomen?" That and similar questions were objected to on the ground, *inter alia,* that they called for an expression of the doctor's opinion and that the doctor was not a party defendant in this action.[1] Pursuant to the direction of the attorney for the defendant, the doctor did not answer the questions.

The plaintiff moved, on papers, for an order directing that the questions be answered. The Special Term, without opinion, denied the motion. Its order states that the plaintiff is given permission to appeal to this court "pursuant to CPLR § 5701, Subd C". In addition, the plaintiff appealed by a notice of appeal, which, however, mentioned that leave to appeal had

---

1. It is true that Dr. Gardner was not named as a party defendant in this lawsuit, but that is wholly immaterial for at least two reasons: (1) The notice of examination before trial served upon the defendant's attorney sought the examination before trial of the defendant New York City Health & Hospitals Corp. "by Dr. Bernard Gardner." If the defendant objected to the capacity in which Dr. Gardner was sought to be examined it should have moved for a protective order; (2) at the time the deposition of Dr. Gardner was commenced the parties entered into a stipulation "that all rights provided by the Civil Practice Law and Rules, including the right to object to any question, except as to the form, or to move to strike any testimony at this examination, are reserved for the trial; and, in addition, the failure to object to any question or to move to strike any testimony at this examination, shall not be a bar or a waiver of the right to make such objection or motion at, and is reserved for, the trial of this action".

thus been granted.[2] We reverse the order appealed and grant the motion.

The issue is whether the rule of *McDermott v Manhattan Eye, Ear & Throat Hosp.* (15 NY2d 20 [which first permitted a plaintiff in a malpractice action to call the defendant doctor to the stand and to question him for the purpose of establishing the generally accepted medical practice in the community]) should be extended to examinations before trial.[3] Although there have been nisi prius decisions on that question, I have been unable to find any appellate review of the subject. In *Charlton v Montefiore Hosp.* (45 Misc 2d 153, 156), decided at Trial Term, I stated, although as dictum: "The *McDermott* case, while dealing only with the right to call a defendant doctor to the stand and the nature and scope of his examination, makes it obvious that he could also be examined to the same extent in an examination before trial."

Subsequently, numerous Special Term decisions followed that dictum and held that "the right to call and similarly question an adverse party as an expert in an examination before trial" was a natural extension of the rule laid down in *McDermott (Dellario v Scharfstein,* NYLJ, March 10, 1966, at p 16, col 4; *Giannini v Gibel,* NYLJ, June 23, 1966, p 16, col 1; *Kennelly v St. Mary's Hosp. of Troy,* 52 Misc 2d 352; *Kane v Randt,* 77 Misc 2d 173; *Rooney v Shulman,* NYLJ, Nov. 29, 1974, p 18, col 1, affd 50 AD2d 566). Cases in other jurisdictions have adopted the same view *(Rogotzki v Schept,* 91 NJ Super 135; *Myers v St. Francis Hosp.,* 91 NJ Super 377; *Lawless v Calaway,* 24 Cal 2d 81; *Anderson v Florence,* 288 Minn 351; *Walker v Distler,* 78 Idaho 38; *Estate of May v Zorman,* 5 Wash App 368).

Whatever the source of the shield which, before *McDermott,*

2. The respondent has not questioned the appealability of the order.

3. Prior to the *McDermott* decision the weight of authority in this and other jurisdictions was against permitting the calling of a doctor under such circumstances (27 CJS, Discovery, § 32[1]). Some of the cases opposing the views enunciated in *McDermott* are set forth in the opinion in that case. Since the *McDermott* decision most of the jurisdictions considering the subject have adopted the *McDermott* view. (See *Rogotzki v Schept,* 91 NJ Super 135; *Myers v St. Francis Hosp.,* 91 NJ Super 377; *Oleksiw v Weidener,* 2 Ohio St 2d 147; *Iverson v Lancaster,* 158 NW2d 507 [S.D.]; *Anderson v Florence,* 288 Minn 351; *Walker v Distler,* 78 Idaho 38; *Giacobazzi v Fetzer,* 6 Mich App 308; *Frazier v Hurd,* 6 Mich App 317; *Estate of May v Zorman,* 5 Wash App 368.)

insulated a defendant physician from furnishing expert opinions in response to the plaintiff's questions, *McDermott* pierced it, establishing in effect that as a basic rule of evidence such questioning is permissible. Since the evidentiary scope of an examination before trial is at least as broad as that applicable at the trial itself, it is obvious that every evidentiary expansion touching the trial touches the pretrial deposition as well. In that light, *McDermott* must be held to affect both. From an evidentiary point of view, in fact, the scope of the pretrial examination is even broader than that at the trial, since CPLR 3115 statutorily assures every deponent that no significant evidentiary objection withheld at the deposition is waived and that the objection can be raised at the trial itself, when the question is read, notwithstanding that it was answered without objection in the deposition. This is designed to permit deposition questioning "to roam wide and far without constant punctilio exercised to exclude questions objectionable under the rules of evidence" (Practice Commentaries by Professor David D. Siegel in McKinney's Cons Laws of NY, Book 7B, CPLR 3115, p 467) and it necessarily bars the notion that something which has been accorded evidentiary welcome at the trial itself requires exclusion from a deposition. CPLR 3113 (subd [c]) buttresses these conclusions by directing that examination at the deposition "shall proceed as permitted in the trial of actions in open court."

Since it is clear under *McDermott* (15 NY2d 20, 29–30, *supra)* that "a plaintiff in a malpractice action is entitled to call the defendant doctor to the stand and question him both as to his factual knowledge of the case (that is, as to his examination, diagnosis, treatment and the like) and, if he be so qualified, as an expert for the purpose of establishing the generally accepted medical practice in the community" and since the CPLR (section 3101) provides for "full disclosure of all evidence" and for "examination and cross-examination" (section 3113) of a witness before trial as in a trial of action in an open court, I see no basis for the Special Term's ruling in this case. As the court pointedly noted in *Rogotzki v Schept* (91 NJ Super 135, 148, *supra),* " 'that the defendant is an "expert" and that the particular questions asked of him [on the examination before trial] are those which only an expert can answer, seem beside the point' ". See, also, to the same effect, 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.05 and particularly the statement there that "the word 'evi-

dence,' appearing in CPLR 3101 'extends to all relevant information calculated to lead to relevant evidence.' "

The order appealed from should therefore be reversed, with $20 costs and disbursements, and the plaintiff's motion granted.

GULOTTA, P. J., RABIN, MARTUSCELLO and LATHAM, JJ., concur.

Order reversed, with $20 costs and disbursements, and motion granted.

The examination shall continue at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff.