## (June 14, 1976)

■ MANUEL CARVALHO et al., Appellants, v NEW ROCHELLE HOSPITAL et al., Respondents.—In an action *inter alia* to recover damages allegedly sustained by reason of medical malpractice, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated December 31, 1975, which denied their motion to compel defendant Richard R. Cappelletti to answer certain questions propounded to him at his deposition. Permission for the taking of this appeal is hereby granted by Mr. Justice Margett. Order modified by adding thereto, immediately after the word "denied", the following: "with respect to the second question and granted with respect to the first question." As so modified, order affirmed, without costs or disbursements. The individual defendants in this malpractice action are physicians. The following facts were adduced on defendant Cappelletti's examination before trial: On November 25, 1969 defendant Mannix performed an appendectomy on plaintiff Manuel Carvalho, a patient admitted to his service at the defendant hospital. Pathological examination of the resected appendix revealed the presence of fecal matter within the appendix and of a fibrinous purulent exudate on the surface. On December 13, Dr. Cappelletti, a vascular surgeon who was a member of the hospital attending staff, was called into consultation. He performed two vascular operations, one on December 13 and the second two days later on December 15. In the course of the latter operation, he discovered an intra-abdominal abscess. On the following day Mr. Carvalho experienced decreased kidney function and, on December 23, he was placed on hemodialysis. On January 6, 1970, the plaintiff's leg was amputated below the knee by Dr. Cappelletti. On the advice of counsel, Cappelletti refused, *inter alia,* to answer the following questions: (1) "My question was, Dr. Cappelletti, is the presence of a fecalith in any way significant to the possibility of the development of an intraabdominal abscess postoperatively?" (2) "Would it have been good medical practice for a doctor having removed an appendix and receiving this pathology report subsequent to the removal of the appendix to have requested a culture and sensitivity on the purulent exudate material described in the pathology report?" Special Term denied plaintiffs' motion to compel Cappelletti to answer these questions. In an action for malpractice brought against more than one physician, one defendant physician may not be examined before trial about the professional quality of the services rendered by a codefendant physician if the questions bear solely on the alleged negligence of the codefendant and not on the practice of the witness (cf. *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 27; *Johnson v New York City Health & Hosps. Corp.,* 49 AD2d 234). Where, however, the opinion sought refers to the treatment rendered by the witness, the fact that it may also refer to the services of a codefendant does not excuse the defendant witness from deposing as an expert *(Rogotzki v Schept,* 91 NJ Super 135). On this record, it cannot be said as a matter of law that the first

question does not refer to the services performed by defendant Cappelletti. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.