■ EDWARD J. WILSON, an Infant, by RUTH WILSON, as Substituted Guardian ad Litem et al., Respondents-Appellants, v JOHN F. McCARTHY et al., Defendants, and JEROME SCHWARTZ et al., Appellants-Respondents.—In a medical malpractice action, the appeals are from an order of the Supreme Court, Nassau County, dated January 28, 1976, which, *inter alia,* (1) denied the motion of defendants Schwartz and Demeter for a protective order which, *inter alia,* sought to vacate the "notice to take deposition upon oral examination" of Dr. Harry Pollard as a witness for the plaintiffs, (2) granted plaintiffs' cross motion to direct defendants Schwartz and McCarthy to answer questions calling for an expert opinion, which were previously put to them at their depositions and were unanswered, and (3) precluded the questioning of defendant Schwartz concerning the administration of Pitocin (incorrectly spelled "Pittisson" in the said order). This appeal brings up for review so much of a further order of the same court, dated May 12, 1976, as granted a cross motion for "reargument, modification or clarification" of the prior order and *inter alia* set forth the extent to which Dr. Pollard may be examined. Permission for the taking of the appeal from so much of the order dated January 28, 1976 as pertains to the questions put at the examination before trial is hereby granted by Mr. Justice Cohalan. Order dated January 28, 1976 modified by deleting so much of the third decretal paragraph thereof as precluded the questioning of Dr. Schwartz concerning the administration of Pitocin. As so modified, order affirmed, without costs or disbursements. Order dated May 12, 1976 affirmed insofar as reviewed, without costs or disbursements. In this medical malpractice action, plaintiffs have alleged that the negligence of certain doctors, and of the hospital in which plaintiff, an expectant mother, was confined, resulted in plaintiff having given birth to a brain-damaged child. It is specifically alleged that one of the defendant doctors was negligent in administering a certain birth-inducing drug, namely Pitocin, to plaintiff which aggravated her already unstable and deteriorating condition. Plaintiffs sought to question Dr. Schwartz, upon an examination before trial, about the use of the drug Pitocin. Special Term restricted the questioning on this particular subject

upon the ground that the plaintiffs' failure to appeal from a prior order containing the same restrictive terms was binding upon Special Term as the law of the case. It should be noted that the doctrine of the law of the case, which was binding upon the court at Special Term, is not binding upon an appellate court. The matter sought to be disclosed is crucial to this lawsuit. In view of the well-settled principle encouraging full disclosure of all pertinent evidence (see *Johnson v New York City Health & Hosps. Corp.*, 49 AD2d 234), strict adherence to the law of the case principle in this case would be counterproductive. Accordingly, the order appealed from should be modified so as to remove any restrictions imposed upon the questioning of Dr. Schwartz concerning the administration of Pitocin. As to the examination of Dr. Pollard, we note that he may refuse to answer questions which seek testimony in the nature of opinion evidence. Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.