■ MICHAEL HARLEY, an Infant, by His Mother and Natural Guardian, SANDY HARLEY, et al., Respondents, v CATHOLIC MEDICAL CENTER OF BROOKLYN et al., Defendants, and HENRY C. RHEIN, Appellant.—In a medical malpractice action, defendant Henry C. Rhein appeals (by permission), as

limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated August 16, 1976, as granted the branch of plaintiffs' motion which sought to compel him to appear for a further examination before trial. Order affirmed insofar as appealed from, with $50 costs and disbursements. The further examination of appellant shall be held at the place designated in the order appealed from, upon 10 days written notice, which shall be given within 20 days after entry of the order to be made hereon, or at such other time and place as may be agreed upon by the parties to this appeal. It is alleged in this action that the infant plaintiff sustained severe and permanent personal injuries, consisting of profound brain damage, during his birth or thereafter, while under the care, treatment, and custody of the defendants. Defendant Jerome Brander was the obstetrician who furnished prenatal care to the infant's mother and who delivered the child. Defendant-appellant, a pediatrician, first examined the infant on July 16, 1971, one day after his birth. The child continued under his care until July 18, 1971, when he and his mother were discharged from the hospital. The plaintiffs allege, *inter alia,* that Dr. Brander negligently administered certain medication to the mother during her labor which adversely affected the infant. It is alleged further that both Brander and the appellant then failed to take precautions to guard the infant against a deprivation of oxygen which would have resulted in the suffering of brain damage. At an examination before trial the appellant refused, on the advice of counsel, to answer certain questions, contending that a pediatrician cannot be asked questions upon oral deposition which involve the specialty of obstetrics. In the recent case of *Carvalho v New Rochelle Hosp.* (53 AD2d 635) this court was faced with the same issue presently before us, to wit, to what extent may a defendant physician be examined before trial in an action for malpractice brought against more than one physician. We stated in *Carvalho* that: "In an action for malpractice brought against more than one physician, one defendant physician may not be examined before trial about the professional quality of the services rendered by a codefendant physician if the questions bear solely on the alleged negligence of the codefendant and not on the practice of the witness (cf. *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 27; *Johnson v New York City Health & Hosps. Corp.,* 49 AD2d 234). Where, however, the opinion sought refers to the treatment rendered by the witness, the fact that it may also refer to the services of a codefendant does not excuse the defendant witness from deposing as an expert *(Rogotzki v Schept,* 91 NJ Super 135)." Under the test set forth in *Carvalho,* it cannot validly be said in the instant case, as a matter of law, that the questions in dispute do not refer to the treatment rendered by the appellant, since each of the questions attempted to explore his knowledge of the effects on the infant of the medicines given by the codefendant physician to the mother during labor. The appellant admittedly knew, when he examined the infant, which medicines had been given to the mother. Whether the appellant was aware of the effects of those medicines on the child may be relevant in the determination of whether he reasonably diagnosed the child's condition and properly treated him. Certainly, it does not appear that the questions bear *solely* on the alleged negligence of the codefendant physician. The appellant should therefore be required to answer those questions. Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur. [88 Misc 2d 126.]