OPINION OF THE COURT
Stanley L. Sklar, J.
The plaintiff in this medical malpractice action may ask *394 questions calling for expert opinions of a nonparty physician who was an actor in the transaction in issue.
FACTS
During the trial of this medical malpractice action involving the delivery of a severely brain-damaged child, plaintiff proposed to read the entire examination before trial of Dr. Goldsmith. He was, at the time of the birth, a resident at Bellevue Hospital, and was one of the delivering physicians. Dr. Goldsmith is not a named defendant.
The defendants sought a ruling barring plaintiffs’ counsel from reading all of the questions and answers on the ground that many of the questions, which were objected to at the deposition, called for the giving of expert opinions.
DISCUSSION
Defendants urge that Dr. Goldsmith was deposed as a nonparty witness and that as such his testimony calling for expert opinion is not admissible. Defendants note that while New York’s case law has authorized the asking of expert questions of a physician who is a defendant[1] (McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20; Johnson v New York City Health & Hosps. Corp.,[2] 49 AD2d 234), a physician who is not a defendant (other than an expert at trial)[3] may only be asked such questions under limited conditions.
*395 Defendants conclude that this court should not expand the categories of physicians who may be asked questions calling for an expert opinion.
Finally, the defendants argue that the reading of the expert testimony portion of the deposition is barred by the Second Department’s decision in Wilson v McCarthy (53 AD2d 860). In that case, the Second Department noted with respect to the proposed deposition of Dr. Pollard, a nonparty witness, "that he may refuse to answer questions which seek testimony in the nature of opinion evidence.” (53 AD2d, at 861.)
Defendants’ arguments are rejected. First, the Wilson case must be distinguished because it does not affirmatively appear that Dr. Pollard was charged with being an actor interested in the event. That is, it does not appear that he was charged with malpractice. One commentator, who argued the appeal in Wilson, tells us that Dr. Pollard was an anesthesiologist who was a named defendant, but was never served. (Bard, New York Medical Malpractice § 17.03e [5], at 17-18 [1985].) One may presume that since he was not a surgeon or an assistant, he was not a true target of the lawsuit.
Dr. Goldsmith’s status as an actor is critical. For example, as an actor in the transaction in issue, he is regarded as having incentive to claim that he is blameless, and could be declared to be an interested witness as a matter of law. (See, Noseworthy v New York, 298 NY 76.)
Moreover, as an actor in the transaction, he is more likely than others to have critical factual information. His expert opinions concerning those facts may well be critical in our search for the truth — even though, as just noted, he has a motive to insulate himself from blame. (Cf., McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20, 27-28, supra.) As McDermott noted, the decision to ask those questions calling for expert opinions should rest with plaintiff. (15 NY2d, at 30.)
Second, the liability, if any, of the New York City Health and Hospitals Corporation in this case is derivative, that is, it is dependent upon the liability, if any, of Bellevue Hospital. Bellevue, in turn, if liable, is liable because of the claimed malpractice of its resident physicians, including Dr. Gold *396 smith. He is one of those ultimately charged with having committed acts of malpractice. As one charged with malpractice, he is interested in the event.
Because he is one of the physicians charged with malpractice and because he is therefore one of those who would have created any liability on the part of the New York City Health and Hospitals Corporation, he should have the same obligations to answer questions calling for an expert opinion as a defendant physician.
These factors, reinforced by the object of any trial — a search for the truth — decisively tip the scales in favor of permitting the reading even of those portions of Dr. Goldsmith’s deposition in which he answered questions calling for expert testimony. Accordingly, I held that the entire deposition of Dr. Goldsmith could be read at the trial.

. However, a defendant physician may not be deposed about the quality of medical services of a codefendant if the questions involve only the claimed malpractice of the codefendant and not the treatment rendered by the witness. (The established exception to that rule is that when the opinion sought refers to the treatment given by the witness, the fact that it may also bear on the treatment given by the codefendant, does not excuse the witness from giving his expert opinion.) (Carvalho v New Rochelle Hosp., 53 AD2d 635; Glass v Rochester Gen. Hosp., 74 AD2d 732.)

. The issue treated in this decision was not resolved in Johnson (49 AD2d 234). There, the notice of deposition sought the examination before trial of the defendant New York City Health and Hospitals Corporation "by” its employee physician. No objection was made to the capacity in which the doctor was sought to be examined. Moreover, the parties stipulated at the deposition that all objections, except as to form, were reserved for the trial. For these reasons, the Johnson court dealt with the issue before it of whether questions calling for expert testimony could be asked of the witness at a deposition as if the witness were a named defendant. (See, 49 AD2d 234, 235, n 1.)

. One may also note that the physician member of a medical malpractice panel may not be "made an expert witness on behalf of any litigant, but may be examined [at trial] only with respect to the panel recommendation.” (Bernstein v Bodean, 53 NY2d 520, 529.)