■ ANTHONY CLAUDINO, Appellant, v ANIELL T. MASTELLONE et al., Defendants, and VICTORY MEMORIAL HOSPITAL et al., Respondents. [730 NYS2d 255] —In a consolidated action to recover damages for medical malpractice and wrongful death, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated July 7, 2000, as denied that branch of his motion which was to compel the deposition of Maria Reinis, and (2) from an order of the same court, dated February 2, 2001, which granted the motion of the defendant John E. O'Connor for summary judgment dismissing the complaint insofar as asserted against him as time-barred pursuant to CPLR 214-a.

Ordered that the order dated July 7, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 2, 2001, is affirmed; and it is further,

Ordered that the respondent John E. O'Connor is awarded one bill of costs.

The plaintiff's decedent died on June 14, 1997. The plaintiff commenced an action to recover damages for medical malpractice and wrongful death against, among others, the defendant Victory Memorial Hospital (hereinafter Victory Memorial) in November 1997, and a separate action for the same relief against the defendant doctor John E. O'Connor in March 2000. The actions were consolidated.

By order dated July 7, 2000, the Supreme Court denied that branch of the plaintiff's motion which was to compel the deposition of Maria Reinis, a doctor and the director of the pathology department at Victory Memorial. By the order dated February 2, 2001, the Supreme Court granted O'Connor's motion for summary judgment dismissing the complaint insofar as asserted against him as barred by the Statute of Limitations. We affirm.

In support of his motion for summary judgment dismissing the complaint insofar as asserted against him, O'Connor established that the Statute of Limitations had run (*see,* CPLR 214-a). In opposition, the plaintiff failed to raise an issue of fact. Therefore, the Supreme Court properly granted that motion.

The Supreme Court also properly denied that branch of the plaintiff's motion which was to compel the deposition of Reinis. That deposition was to concern O'Connor's alleged malpractice,

and Reinis may not be examined solely about the professional quality of the services rendered by O'Connor (*see, Carvalho v New Rochelle Hosp.*, 53 AD2d 635; *see also, Harley v Catholic Med. Ctr.*, 57 AD2d 827; *Forgays v Merola*, 222 AD2d 1088). Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.