■ MINA ORNER, Appellant, v MOUNT SINAI HOSPITAL et al., Respondents. [761 NYS2d 603] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about December 24, 2001, which, to the extent appealed from as limited by plaintiff's brief, denied plaintiff's motion for further depositions of defendant Dr. Lichtiger and pathologist Dr.

Klein, and granted defendants' cross motion for an order of protection preventing the production of certain job performance evaluations by defendant The Mount Sinai Hospital, unanimously reversed, on the law and the facts, without costs, plaintiff's motion for further depositions of Dr. Lichtiger and Dr. Klein granted, and such depositions to be held before a special referee, and defendants' cross motion denied to the extent that defendants are directed to produce job performance evaluations for Mr. Antonio and Dr. Hoon. Order, same court and Justice, entered June 3, 2002, which, to the extent appealed from as limited by plaintiff's brief, denied plaintiff's further request for certain discovery which had been previously denied and which denied plaintiff's request for decedent's medical records, unanimously modified, on the law and the facts, to the extent that defendants are directed to either produce all requested medical records in defendant hospital's possession or provide an affidavit from a witness with knowledge about the unavailability of medical records, to be specifically delineated by plaintiff, which records, if found prior to trial, defendants shall be precluded from using, except at plaintiff's option, and as so modified, the order affirmed, without costs.

In this medical malpractice action, plaintiff Mina Orner alleges that defendants failed to diagnose colon cancer during a March 17, 1993 colonoscopy performed on her husband, the decedent Moises Orner, by defendant Dr. Lichtiger at The Mount Sinai Hospital (defendant hospital). Plaintiff claims that the decedent was not diagnosed with colon cancer until early 1994, and he died several weeks later. Defendants maintain that the decedent died from an unrelated cancer.

Although this case was commenced in 1995, due to inaction by plaintiff's prior attorneys, reassignment of the case to plaintiff's son, who is clearly inexperienced in medical malpractice actions, duplicative discovery requests by plaintiff, acrimonious discovery disputes and delays occasioned principally by defendants, and the assignment of this case to three different judges, discovery has not yet been completed.

On appeal, plaintiff argues that she is entitled to certain discovery, which the motion court has already granted to her.[1] As for the issues properly before us, we find the court erred in

---

1. Apparently, plaintiff believes that an appeal affords a party the opportunity to repeat requests which have been favorably ruled upon and not to argue errors of law or fact. This type of sloppy appellate practice wastes this Court's time. For example, and merely by way of illustration, plaintiff requests on appeal that defendant hospital provide job evaluations for Frank Rivera. However, the motion court granted this request. Plaintiff also

denying plaintiff's request for further depositions of defendant Dr. Lichtiger and pathologist Dr. Klein, on the ground that certain questions posed to them were palpably irrelevant or not in proper form.[2] Contrary to defendants' contention, the substantive questions relating to the expert opinions of the witnesses and the status of generally accepted community standards of medical practice were appropriate (*see McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20 [1964]; *Johnson v New York City Health & Hosps. Corp.,* 49 AD2d 234, 236 [1975]). Accordingly, it was not plaintiff's questions, but rather the defense counsel's instructions to the witnesses not to respond and his otherwise inappropriate and excessive interference, which were improper. Indeed, "the evidentiary scope of an examination before trial is at least as broad as that applicable at the trial itself" (*Johnson,* 49 AD2d at 237). Consequently, when faced with objections at a deposition, "the proper procedure is to permit the witness to answer all questions subject to objections in accordance with CPLR 3115" (*White v Martins,* 100 AD2d 805, 805 [1984]).

Furthermore, general background questions, such as date of birth, marital status, board certification, and experience testifying as an expert in court, are routinely permitted at trial, and defense counsel improperly, and, it appears at times disingenuously, objected, interrupted and occasionally directed his witnesses not to answer these and other questions. That some of plaintiff's counsel's questions were inartful or otherwise imperfect did not give defense counsel license to react impatiently nor interfere as he did. A complete reading of the depositions reveals that defense counsel's attitude toward plaintiff's counsel was sardonic and unprofessional which, in turn, fostered an uncooperative attitude from defendants' witnesses. Indeed, "[d]efendants' counsel, in ordering his clients not to re-

requests an affidavit by defendants which explains the relationship between Dr. Kreel and defendant hospital. However, this request has been rendered moot because the motion court granted plaintiff permission to subpoena Dr. Kreel for a nonparty deposition, at which time her relationship with defendant hospital may be explored to plaintiff's content. Plaintiff also requests on appeal a deposition of a proper authorized officer of defendant hospital who could identify names and initials of individuals who assisted in the diagnosis and treatment of the decedent. Again, the motion court granted this request.

2. Plaintiff also argues that the court erred in denying a further deposition of Myrna Constantino, the administrator of the Department of Pathology at defendant hospital. However, the motion court found that plaintiff's request for this relief had already been ruled upon. As such, plaintiff's request before the motion court on this particular issue was for, in effect, reargument, the denial of which is not appealable (*see Lichtman v Mount Judah Cemetery,* 269 AD2d 319, 320 [2000]).

spond during depositions to questioning in areas which counsel unilaterally deemed to be irrelevant, and in continually objecting to matters other than form * * * effectively thwarted plaintiffs' efforts to depose defendants" (*Levine v Goldstein,* 173 AD2d 346 [1991]). We take this opportunity to express our regret that we are placed in the position of having to refer to these and other such fundamental principles of procedure and professional civility to an experienced defense lawyer.

Further depositions will undoubtedly result in the same chaos, acerbity and delay. Accordingly, we direct that these depositions be conducted before a special referee. Similarly, all remaining discovery exchanges are to be conducted before or with the assistance of a special referee.

As the motion court already determined, plaintiff is entitled to the decedent's complete medical records, including billing records, from Dr. Lichtiger and defendant hospital. However, defendants have claimed that they do not possess these records. Consequently, plaintiff is "entitled to a detailed statement, made under oath, by [a person] with direct knowledge of the facts as to the past and present status of the sought documents" (*Longo v Armor El. Co.,* 278 AD2d 127, 129 [2000]). Defendants shall be precluded from using these records at trial if they are found prior to trial, except at plaintiff's option.

The motion court erred in finding that the job performance evaluations of Mr. Antonio and Dr. Hoon were not subject to discovery under the privileges afforded by the Education Law and Public Health Law.[3] However, the privileges afforded by these statutes are not applicable here. The Education Law exempts from disclosure "records relating to performance of a medical or a quality assurance review function" (Education Law § 6527 [3]; *see also Megrelishvili v Our Lady of Mercy Med. Ctr.,* 291 AD2d 18, 25 [2002], *lv dismissed* 99 NY2d 532 [2002]). Similarly, the privilege afforded under the Public Health Law is intended to protect " 'against disclosure of materials relating to quality assurance activities [which] apply to hospital malpractice prevention programs and incident reporting' " (*Logue v Velez,* 92 NY2d 13, 17 [1998], quoting Governor's Program Bill, Bill Jacket, L 1986, ch 266, at 7). Since defendant hospital has not alleged that these job performance evaluations were used by a hospital review committee, they are not protected from disclosure (*see Van Caloen v*

---

3. Although defendants argue on appeal that plaintiff never asserted a cause of action for negligent hiring and therefore these job performance evaluations are not discoverable, defendants' objection before the motion court was that the records sought were privileged.

*Poglinco,* 214 AD2d 555, 557 [1995]; *see also Bush v Dolan,* 149 AD2d 799, 800 [1989] [since the purpose of the exemption is to encourage hospitals to review the shortcomings of their physicians, it would be counterproductive to apply the exemption in a case where a hospital never undertook such a review]).

An award of costs and sanctions is discretionary (*see Matter of Winkelman v Furey,* 97 NY2d 711 [2002]). We cannot say based on this record—given plaintiff's penchant for repeatedly requesting discovery items which have already been ruled on and the obstructionist behavior by both sides in conducting discovery—that the motion court improvidently exercised its discretion in denying plaintiff's request for costs and sanctions.

Finally, we have considered and rejected defendants' contention that the orders are not appealable as of right. Concur— Tom, J.P., Sullivan, Ellerin, Marlow and Gonzalez, JJ.