■ Paul Solomons, Appellant, v Douglas Elliman LLC, et al., Defendants, and 23 Manhattan Valley North LLC et al., Respondents. [944 NYS2d 559]—Order, Supreme Court, New York County (Judith J. Gische, J.), entered September 23, 2011, which, insofar as appealed from, in this action alleging that defendants discriminated against prospective tenants using a Section 8 voucher for the payment of rent, denied plaintiff's motion to compel the discovery of documents relating to piercing the *corporate* veil between *defendants* 23 Manhattan Valley North LLC and Baruch Singer, with leave to renew in the event plaintiff obtains a judgment in the action, unanimously affirmed, without costs.

The court providently exercised its discretion in denying plaintiff's motion since there is no basis, at this stage of the proceedings, to seek to pierce the corporate veil. The general statutory exemption from personal responsibility for an organization's debts, obligations and liabilities does not extend to discriminatory acts by a person with an ownership interest in, or the power to make decisions for the organization (*see Pepler v Coyne*, 33 AD3d 434, 435 [2006]; Administrative Code of City of NY § 8-107 [5]).

It is noted that contrary to defendants' contention, the subject order is appealable as of right. Plaintiff's motion was made on notice and affected a substantial right of the parties, namely the ability to pursue a theory of the case (*see* CPLR 5701 [a] [2] [v]). Concur—Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.