Egan Jr., J.
Appeals (1) from two orders of the Supreme Court (Melkonian, J.), entered March 6, 2013 in Ulster County, which denied plaintiff’s motions to compel certain discovery, and (2) from an order of said court, entered March 19, 2013 in Ulster County, which partially denied plaintiff’s motion to, among other things, strike the errata sheet to the deposition of a nonparty witness.
In June 2008, plaintiffs husband, Neil Lieblich (hereinafter decedent), was admitted to St. Peter’s Hospital for a cardiac catheterization, which was to be performed by defendant Eric S. Roccario and attended by Jeri Hassel, a registered nurse employed by the hospital. During the course of the procedure, decedent went into respiratory arrest and ultimately died. Plaintiff thereafter commenced this medical malpractice action against, among others, Roccario and the corporation operating the hospital alleging, among other things, that decedent was overmedicated during the course of the procedure and, following his respiratory arrest, was improperly resuscitated.
The ensuing discovery process eventually gave rise to the three disputes now before us. First, during the course of Roccario’s deposition, an issue arose regarding the administration of a particular sedative (Versed) — specifically, whether this drug was given to decedent after he was observed to be in respiratory arrest. Contending that decedent’s medical record indicated that decedent was given Versed at a point in time when he was *1203 observed to be “without respirations,” counsel for plaintiff asked Roccario the following question: “Would you agree, if this record is accurate and that’s what happened, that that would be a deviation from accepted standards of medical care?” Roccario’s attorney directed him not to answer. Following a pause in the proceeding, counsel for plaintiff again inquired, “Doctor, before we broke, I was asking you if the entries in the record are correct, would you agree that the care that was given to [decedent] in the cardiac cath lab was a deviation from accepted standards of care?” Roccario’s attorney again directed him not to answer. Additionally, questions arose regarding any statements that Roccario may have made during the course of any quality assurance review or investigation conducted in conjunction with decedent’s death. To that end, plaintiffs counsel posed the following question to Roccario: “Doctor, did you ever give any written or recorded statements concerning your involvement in the care of [decedent] to any mortality or morbidity conference?” Once again, Roccario’s attorney directed him not to answer. Following an extended colloquy between plaintiffs and Roccario’s respective attorneys, plaintiff’s attorney inquired, “Just so I can get off on something else, you’re telling me you’re not going to let him answer as to whether he gave any statements,” to which Roccario’s attorney replied, “Yes.” Finally, although Hassel appears to have been deposed without incident, an issue subsequently arose regarding the errata sheet to her deposition, wherein Hassel made several substantive changes to the testimony given during the course of her deposition.
In response to the foregoing, plaintiff brought three separate motions seeking to (1) compel Roccario to appear for another deposition at which he would be required to answer the disputed questions regarding his care and treatment of decedent, as well as any other questions that reasonably flowed from his responses thereto, (2) compel Roccario “to produce any statements made by him to any quality assurance committee or investigation of whatever nature” and to be further examined with respect to any such statements made, and (3) to strike Hassel’s errata sheet and require her to appear for a further deposition. By order entered March 6, 2013, Supreme Court denied plaintiff’s motion to compel Roccario to answer the disputed questions regarding his care and treatment of decedent, finding that the questions as posed were improper. By a separate order also entered March 6, 2013, Supreme Court denied plaintiffs motion to compel production of the requested statements, finding that the relevant responses to plaintiffs discovery demands reflected that no such statements existed. Finally, by order *1204 entered March 19, 2013, Supreme Court denied plaintiffs motion to strike Hassel’s errata sheet but granted plaintiffs request to permit a further deposition of Hassel. These appeals by plaintiff ensued.
Initially, we reject the assertion made by Roccario and defendant Albany Associates in Cardiology (hereinafter collectively referred to as defendants) that the underlying orders are not appealable as of right. As a general proposition, “[n]o appeal as of right lies from an order directing a party to answer questions propounded at an examination before trial” (Taylor v New York City Hous. Auth., 83 AD3d 929, 929 [2011]; see Davis v Eddy Cohoes Rehabilitation Ctr., 307 AD2d 637, 637 [2003]). An exception, however, exists where the order in question “involves some part of the merits” (CPLR 5701 [a] [2] [iv]) or “affects a substantial right” of a party (CPLR 5701 [a] [2] [v]). As the discovery orders at issue here fall within these exceptions, the underlying appeals are properly before us (see Bristol v Evans, 210 AD2d 850, 851 [1994]; see generally Solomons v Douglas Elliman LLC, 95 AD3d 696, 696 [2012]; Credit Suisse First Boston v Utrecht-America Fin. Co., 84 AD3d 579, 580 [2011]).
Turning to the merits, “[a]ll questions posed at depositions should be fully answered unless they invade a recognized privilege or are palpably irrelevant” (Tardibuono v County of Nassau, 181 AD2d 879, 881 [1992]; see Barber v BPS Venture, Inc., 31 AD3d 897, 897 [2006]). In the context of a medical malpractice action, the Court of Appeals has held that “a plaintiff . . . is entitled to call the defendant doctor to the stand and question him [or her] both as to his [or her] factual knowledge of the case (that is, as to his [or her] examination, diagnosis, treatment and the like) and, if he [or she] be so qualified, as an expert for the purpose of establishing the generally accepted medical practice in the community” (McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20, 29-30 [1964]).[1] Thus, although “one defendant physician may not be examined before trial about the professional quality of the services rendered by a codefendant physician if the questions bear solely on the alleged negligence of the codefendant and not on the practice of the witness[,] [w]here . . . the opinion sought refers to the treatment rendered by the witness, the fact that it may also refer to the services of a codefendant does not excuse the defendant witness from [being deposed] as an expert” (Carvalho v New *1205 Rochelle Hosp., 53 AD2d 635, 635 [1976] [emphasis added; citations omitted]; accord Harley v Catholic Med. Ctr. of Brooklyn, 57 AD2d 827, 828 [1977]).
Here, inasmuch as Roccario unequivocally testified that the administration of Versed would have required an order from him, it is clear that the questions posed to him in this regard related directly to his care and treatment of decedent and, as such, were appropriate (see Dare v Byram, 284 AD2d 990, 991 [2001]; McGuire v Zarlengo, 250 AD2d 823, 824 [1998]; Forgays v Merola, 222 AD2d 1088, 1088 [1995]; see also Orner v Mount Sinai Hosp., 305 AD2d 307, 309 [2003]). The mere fact that Hassel, who is not a named defendant in this action, may have actually administered the Versed and/or made the appropriate notation in decedent’s medical record is of no moment, as it is Roccario’s conduct in ordering such medication at a particular point in time that is at issue. Accordingly, plaintiff is entitled to examine Roccario on this point.
As for plaintiffs motion to compel Roccario “to produce any statements made by him to any quality assurance committee or investigation of whatever nature,” defendants — and the hospital as well — have denied being in possession of any statements that would be responsive to plaintiff’s discovery demand. Absent proof that copies of such statements actually exist and that defendants, in turn, improperly are withholding access to them, Supreme Court did not abuse its discretion in denying this aspect of plaintiffs motion to compel (see O'Buckley v County of Chemung, 112 AD3d 1190, 1191 [2013] [decided herewith]). Simply put, defendants cannot be faulted for failing to produce documents that do not exist.[2] We do, however, agree with plaintiff that Roccario’s attorney improperly directed Roccario not to answer questions regarding whether he made “any statements” whatsoever — oral or written — in connection with any quality assurance review or investigative proceeding conducted in response to decedent’s death. To the extent that Roccario or his codefendants believe the substance of those statements— should they exist — to be privileged, the potential assertion of such privilege does not foreclose plaintiff from questioning Roccario about the existence of those statements in the first instance. Accordingly, plaintiff is entitled to further examination of Roccario on this point as well.
Finally, with respect to the issue of the errata sheet, CPLR 3116 (a) provides, in relevant part, that “any changes in form *1206 or substance which the witness desires to make shall be entered at the end of the deposition with a statement of the reasons given by the witness for making them” (see Keenan v Munday, 79 AD3d 1415, 1416 [2010]). Here, although there is no question that Hassel made significant, substantive amendments to her examination before trial testimony, “a witness may make substantive changes to his or her deposition testimony provided the changes are accompanied by a statement of the reasons therefor” (Cilio v Resjefal Corp., 295 AD2d 257, 257 [2002]). Based upon our review of Hassel’s errata sheet and the notations contained upon the relevant pages of her deposition testimony, we are satisfied that an appropriate statement of the reasons for such changes was provided (see id. at 257; compare Ashford v Tannenhauser, 108 AD3d 735, 736 [2013]; Kuzmin v Visiting Nurse Serv. of N.Y., 56 AD3d 438, 439 [2008]; Garcia v Stickel, 37 AD3d 368, 368-369 [2007]; Rodriguez v Jones, 227 AD2d 220, 220 [1996]). Accordingly, Supreme Court did not abuse its discretion in refusing to strike the errata sheet. That said, Supreme Court also appropriately determined that, given the magnitude of Hassel’s changes, plaintiff was entitled to conduct a further deposition of her (compare Cilio v Resjefal, 295 AD2d at 257). Plaintiffs remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Rose, J.E, Spain and Garry, JJ., concur. Ordered that the order entered March 6, 2013 and dated February 25, 2013 is reversed, on the law, without costs, and defendant Eric S. Roccario is directed to appear for further examination before trial within 60 days after service of a copy of this order with notice of entry. Ordered that the order entered March 6, 2013 and dated February 27, 2013 is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs request to further depose defendant Eric S. Roccario regarding any statements he may have made in connection with any quality assurance review or investigative proceeding conducted in response to decedent’s death; plaintiff’s motion granted to said extent and defendant Eric S. Roccario is directed to appear for further examination before trial in a manner consistent with this Court’s decision; and, as so modified, affirmed. Ordered that the order entered March 19, 2013 is affirmed, without costs.

. This principle, originally articulated with respect to trial testimony, also encompasses testimony given at examinations before trial (see Johnson v New York City Health & Hosps. Corp., 49 AD2d 234, 236-237 [1975]; see also Sagiv v Gamache, 26 AD3d 368, 369 [2006]).

. We have limited our discussion in this regard to defendants, as plaintiff’s motion to compel did not seek any affirmative relief with respect to the hospital and/or any records that may be in its possession.