G.M. v Dworkin (2024 NY Slip Op 03816)

G.M. v Dworkin

2024 NY Slip Op 03816

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-08502
 (Index No. 54903/19)

[*1]G.M., etc., et al., appellants, 
v
Melissa Dworkin, etc., et al., defendants, Helen Jhang, etc., respondent.

Meagher & Meagher, P.C., White Plains, NY (Keith J. Clarke of counsel), for appellants.
Heidell Pittoni Murphy & Bach LLP, White Plains, NY (Daniel S. Ratner of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated October 26, 2021. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was to compel the defendant Helen Jhang to answer certain questions about her interpretation of fetal heart rate tracings.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied that branch of the plaintiffs' motion which was to compel the defendant Helen Jhang to answer certain questions about her interpretation of fetal heart rate tracings is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiffs' motion which was to compel the defendant Helen Jhang to answer certain questions about her interpretation of fetal heart rate tracings is granted.
The plaintiffs commenced this action against, among others, the defendants Helen Jhang and Melissa Dworkin (hereinafter together the defendants) to recover damages arising out of the alleged care and treatment provided to the plaintiff mother by the defendants during her pregnancy, labor, and delivery. The plaintiffs alleged, inter alia, that the defendants' negligent care and treatment constituted medical malpractice and resulted in permanent injuries to the infant plaintiff.
During Jhang's deposition, defense counsel instructed Jhang not to answer certain questions regarding Jhang's interpretation of the infant plaintiff's fetal heart rate tracings. The plaintiffs then moved, inter alia, to compel Jhang to answer those questions. In an order dated October 26, 2021, the Supreme Court, among other things, denied that branch of the plaintiffs' motion. The plaintiffs appeal. We reverse the order insofar as appealed from.
The Supreme Court should have granted that branch of the plaintiffs' motion which was to compel Jhang to answer certain questions about her interpretation of the infant plaintiff's fetal heart rate tracings. Although "one defendant physician may not be examined before trial about the professional quality of the services rendered by a codefendant physician if the questions bear solely on the alleged negligence of the codefendant and not on the practice of the witness" (Carvalho v New Rochelle Hosp., 53 AD2d 635, 635), here, the record reflects that the questions posed to Jhang about her interpretation of the infant plaintiff's fetal heart tracings did not bear solely on the alleged negligence of Jhang's codefendant Dworkin. Specifically, the record reflects that Dworkin testified at her deposition that Jhang reviewed the fetal heart rate tracings while the plaintiffs were in the hospital and that Jhang provided her opinion to Dworkin as to the interpretation of the fetal heart rate tracings. Dworkin further testified that she and Jhang monitored the fetal heart rate tracings before Jhang assisted her with the plaintiff mother's caesarean section. Since the questions referred to treatment that was rendered by Jhang, they did not "bear solely on the alleged negligence of the codefendant" and were thus not improper (id. at 635-636; Harley v Catholic Med. Ctr. of Brooklyn, 57 AD2d 827, 827). Moreover, contrary to the court's determination, Jhang's role in the plaintiffs' treatment was not narrowly limited to assisting Dworkin with the caesarean section (see Abruzzi v Maller, 221 AD3d 753; Rosario v Our Lady of Consolation Nursing and Rehabilitation Care Ctr., 186 AD3d 1426, 1427).
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court