Howira v New York City Health & Hosp. Corp.

2026 NY Slip Op 03059

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Khamisa S.M. Howira, as Administrator of the Estate of Ahmed S.M. Howera, Plaintiff-Appellant,

v

New York City Health and Hospital Corporation et al., Defendants-Respondents, Bellevue Hospital Center et al., Defendants.

Decided and Entered: May 14, 2026

Index No. 850285/14|Appeal No. 6648|Case No. 2025-00209|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Bhurtel Law Firm PLLC, New York (Durga P. Bhurtel of counsel), for appellant.

Steven Banks, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered October 25, 2024, which denied plaintiff's motion for discovery sanctions for failure to produce documents, metadata, and/or audit trails, or, in the alternative, to compel production of the requested material (mot seq no. 4), and denied her motion for discovery sanctions in connection with defense witnesses' purported refusal to answer deposition questions, or, in the alternative, to compel deposition testimony (mot seq no. 5), unanimously affirmed, without costs.

Supreme Court properly denied the motion that was directed at document discovery, in which plaintiff sought defendant Bellevue Hospital radiology department's policy and procedure manual and the complete metadata and/or audit trails associated with the medical records of the plaintiff's decedent. Defendants produced the table of contents for the policy and procedure manual, along with an affidavit stating that they were not in possession of any other responsive documents. Even if spoliation sanctions may have been available, Supreme Court did not improvidently exercise its discretion in declining to award any such sanctions, as the manual is not central to this action, and is not the type of obviously relevant document a party would clearly be expected to preserve. Moreover, other witnesses are likely to be able to the manual's contents or the relevant parts of the manual. In addition, defendants appear to have produced all the medical record metadata and audit trails in their possession, along with an affidavit explaining what was produced and how it was collected, and stating that it "constitute[d] the entire audit trail record." In view of our disposition of these issues, we need not reach plaintiff's arguments with respect to submission of an adequate good faith affirmation in connection with this motion.

Supreme Court also properly denied plaintiff's motion that was directed at deposition testimony. Most of the disputed deposition questions were inappropriate, either because they were vague, confusing, or of unclear or marginal relevance; because they called for the deponent medical professional to opine about a conduct or standard of care applicable not to themselves but to other medical professionals; or because they asked hypothetical scenarios not before the deponents (see Carvalho v New Rochelle Hosp., 53 AD2d 635, 635 [2d Dept 1976]). To the extent the questions were appropriate, deponent answered them. Plaintiff also failed to submit an adequate good faith affirmation in support of the motion (see Uniform Trial Court Rules [22 NYCRR] §§ 202.7[a], 202.20-f[b]; Anuchina v Maritime Transp. Logistics, Inc., 216 AD3d 1126, 1128 [2d Dept 2023]).

In view of our disposition of these issues, we need not reach plaintiff's arguments with respect to laches.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026