■ HEATHER WHITE et al., Respondents, v MARIA MARTINS et al., Respondents, and SAAB SCANIA, SAAB CAR DIVISION, et al., Respondents-Appellants, and ZUMBACH SPORTS CARS LTD., Appellant-Respondent. — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered November 4, 1983 disposing of applications of defendant Zumbach and of plaintiff White with respect to disclosure relief, is modified, on the law and the facts, and in the exercise of discretion, to the extent that this court strikes the directions that defendant Zumbach shall answer all questions put to its witness by plaintiff White and the other parties (at future sessions of the deposition) with all objections as to form or on any other ground to be reserved for the trial court, and that plaintiff White shall be permitted to ask again all questions previously asked which were objected to, and which Zumbach's witness was directed not to answer; and the matter is remanded to Special Term to rule either now or at the close of the examination on objections to questions previously asked, and the order is otherwise affirmed, without costs. ¶ It was improper to direct prospectively that all questions to be asked in the future be answered, reserving objections for the trial court, without knowing what those questions may be. It is true that the scope of examination on deposition is broader than what may be admissible on trial. (See *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406; *Prink v Rockefeller Center,* 48 NY2d 309, 314, n 1.) In general the proper procedure is to permit the witness to answer all questions subject to objections in accordance with CPLR 3115; the statute contemplates that "the deposition shall proceed subject to the right of a person to apply for a protective order. The deposition shall be taken continuously" (CPLR 3113, subd [b]; see, also, *Spatz v Wide World Travel Serv.,* 70 AD2d 835). But there is always the possibility of questions that infringe upon a privilege, or that are so improper that to answer them will substantially prejudice the parties; or questions that may be so palpably and grossly irrelevant or unduly burdensome that they should not be answered. (*Ferraro v New York Tel. Co.,* 94 AD2d 784; *Watson v State of New York,* 53 AD2d 798.) Thus, although the statute provides that the deposition shall proceed, it adds "subject to the right of a person to apply for a protective order." (CPLR 3113, subd [b].) (Such a protective order may be obtained either by formal motion or by informal application for a ruling to the Justice designated to make such rulings.) ¶ The order appealed from, by unconditionally directing the answering of all questions prospectively without knowing what those questions will be, deprives the party deposed of the right to apply for a protective order. ¶ Finally, on this point, we note that our system of unsupervised deposition is dependent on the good-faith obligation of attorneys to comply with the spirit as well as the letter of the statute and procedure, and not to make objections which are merely obstructive, or to direct the witness not to answer questions objected to when there will be no substantial prejudice in permitting the question to be answered, reserving the objection pursuant to CPLR 3115. We do not exclude the possibility of appropriate sanctions in the event of sufficiently obstructive behavior. ¶ Defendant-appellant Zumbach had made some 43 objections to questions already asked. Special Term in essence declined to rule on the merits of these objections, merely

directing, in accordance with the procedure it had directed as to future questions, that plaintiff should be permitted to ask again all questions previously asked which were objected to and which Zumbach's witness was directed not to answer. Objectant is entitled to rulings based upon the particular questions asked and the objections thereto; these rulings may be either on the merits of the objections, or on consideration of the particular questions and objections, that the defendant answer the questions reserving the objections for the trial court on the ground that there will be no substantial prejudice in answering the questions subject to such objections. We make no direction as to whether Special Term must rule on these 43 objections at this time, or whether it can wait until some later point or the completion of the examination and then rule on these objections along with future objections. ¶ We have previously ruled that where Special Term fails to rule on objections on a deposition, we should make the rulings. (*Greenleigh Assoc. v New York Post Corp.*, 79 AD2d 588; *Blitz v Guardian Life Ins. Co.*, 99 AD2d 404.) But we think this is only practical where there are only a few substantive points involved; we think it is impractical and a wasteful use of judicial effort for five Judges of an appellate court to have to rule on 43 or more detailed objections to particular questions; it is wiser for one Special Term Justice to make such rulings. ¶ Except for the directions which we have modified, the parties have not argued that any other part of the order appealed from is improper or requires correction. Concur — Sandler, Silverman and Milonas, JJ.

Kupferman and Ross, JJ., dissent in a memorandum by Ross, J., as follows: I would affirm Special Term's order. ¶ Early in the morning of May 23, 1981, Plaintiff Heather White (White), accompanied by a passenger, was operating her automobile eastbound on the Long Island Expressway, when the automobile stalled in the right-hand lane. Shortly thereafter, this stalled vehicle was struck in the rear by another automobile. The impact caused the plaintiff White's automobile to burst into flames. White was severely burned and her passenger died from his burns. Subsequently, White and the administratrix of the passenger's estate commenced actions for damages against a number of defendants, including the manufacturer Saab Scania (Saab Car Division), which is a Swedish corporation; the United States importer and distributor, Saab Scania of America, Inc.; and the seller of the plaintiff White's car, Zumbach Sport Cars Ltd. (Zumbach). Defendants Saab and Zumbach have served their answers. Plaintiffs have been deposed. While deposing John Mender (Mender), who is the vice-president in charge of Zumbach's service department, plaintiff White's attorney sought to go to Special Term to obtain rulings on questions which had been objected to and to which no answer had been given; but, Zumbach's attorney, concededly, declined to appear at Special Term for such rulings. Thus, Zumbach moved for, *inter alia,* a protective order and plaintiff White cross-moved, *inter alia,* to strike Zumbach's answer because of the alleged willful refusal of Mender to answer questions. ¶ In deciding these motions, Special Term examined the more than 400-page transcript of Mender's deposition and concluded from that examination that "[i]t would appear that plaintiff White was impeded in the conducting of Zumbach's examination." Based upon Zumbach's obstructionist tactics, Special Term was compelled to devise a solution which would dispose of the discovery phase of this action as expeditiously as possible, so that this personal injury case, which is already three years old, would be able to proceed to trial. ¶ Special Term directed, in pertinent part, Mender to answer all questions asked by plaintiff White, with all objections reserved to the trial court. In my opinion, Special Term, in its order, has struck the proper balance between defendant Zumbach's legal objections and plaintiff White's right to obtain information. Twenty years ago we said "[t]he purpose of disclosure procedures

is to advance the function of a trial to ascertain truth" (*Rios v Donovan*, 21 AD2d 409, 411). It is hornbook law that appellate courts should not interfere with the management of pretrial discovery by Special Term. As a matter of policy, we, in this department, have followed that rule. Since there was no abuse of discretion, I find no justification for us to intervene in this case.