■ ROBIN S. HOROWITZ, an Infant, by Her Father and Natural Guardian, MARTIN HOROWITZ, et al., Appellants, v UPJOHN COMPANY et al., Defendants. CHARLES B. EDINGER, M.D., Nonparty Respondent.—In an action, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated March 28, 1988, as, *inter alia,* denied that branch of their motion which was to compel nonparty witness Charles B. Edinger, M.D., to answer questions propounded at his examination before trial concerning matters other than his treatment of the infant plaintiff's mother.

Ordered that on the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Harwood, and leave to appeal is granted by Justice Harwood (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, to rule on objections to questions propounded at the continued examination before trial of the nonparty witness.

This action is premised on damages allegedly sustained by the infant plaintiff while in utero. The nonparty witness, a partner of the defendant physicians at the time the infant plaintiff's mother was their patient, is entitled to refuse to

answer questions which seek testimony in the nature of opinion evidence *(see, Wilson v McCarthy,* 53 AD2d 860). However, rather than rule on the propriety of the questions and lines of questioning to which the witness's counsel objected, the Supreme Court, in determining that branch of the plaintiffs' formal motion which was to compel the witness to answer questions, prospectively limited the scope of the plaintiffs' inquiry by providing that the witness "is compelled to answer only questions regarding *his* treatment on his patient Maureen Horowitz * * * [p]laintiff's counsel is directed to make every effort to avoid questions concerning treatment of other patients specifically or in general, treatment by his former partners, his present opinions or practices and knowledge, or opinions of the pharmaceutical promotional practices and representations". We reverse and remit the matter to the Supreme Court to make the rulings to which the parties are entitled *(see, White v Martins,* 100 AD2d 805).

It is well settled that the scope of examination permissible at deposition is broader than the scope of examination permissible at trial *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403; *Wiseman v American Motors Sales Corp.,* 103 AD2d 230, 237). Moreover, the witness, in his capacity as a physician, may possess knowledge of discoverable facts which goes beyond that which is derived from his direct contact with the infant plaintiff's mother. The Supreme Court therefore improvidently exercised its discretion when it, in effect, prospectively limited the scope of examination to the witness's treatment of the infant plaintiff's mother *(cf., White v Martins,* 100 AD2d 805, *supra).* Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.