OPINION OF THE COURT
Stanley L. Sklar, J.
May plaintiff require defendant to provide detailed expert information as to a treating physician prior to an examination *998 before trial of that doctor when the plaintiff declines to authorize an interview of the doctor by defense counsel? The court holds that the expert information need not be furnished prior to the examination.
Defendant Dr. Stuart Orsher moves pursuant to CPLR 3108 for an order permitting a nonparty videotaped deposition to be taken of Allen C. Steere, M.D. by open commission in the State of Massachusetts.
This is a medical malpractice action in which it is claimed that Dr. Orsher failed to timely diagnose and properly treat plaintiff Andrea Dun’s Lyme disease.
Because of Dr. Orsher’s concern over the cause of Dun’s medical complaints he referred her to Dr. Steere, a Lyme disease specialist in Boston. Dr. Steere, after examining Dun and performing tests, concluded that she was not suffering from Lyme disease.
Dun, who is free to chart her own course, does not oppose the videotaped deposition, provided that it is held on a mutually convenient date, but asserts that prior to the deposition defense counsel must provide an exchange of expert information as to Dr. Steere because defendant will question Dr. Steere not only about factual matters involving his treatment of Dun, but will also seek to elicit opinion testimony because he is, as defendant notes, "an eminent authority on Lyme disease.”
Defense counsel concedes that in addition to asking Dr. Steere about Dun’s visit to the facility where he examined and tested her, and why he reached the conclusion that he did, some expert questions will be posed, and seeks to reserve defendant’s right to use Dr. Steere as "an” expert at trial. Dr. Orsher, however, while willing to exchange detailed* expert information following Dr. Steere’s deposition, is unwilling to do so prior to that deposition because this case is still in the discovery stage when it is claimed that ex parte interviews of plaintiff’s subsequent treating physicians, including Dr. Steere, are prohibited. (See, Anker v Brodnitz, 98 Misc 2d 148, affd 73 AD2d 589, lv dismissed 51 NY2d 703, 743; Stoller v Moo Young Jun, 118 AD2d 637 [2d Dept 1986]; Tiborsky v Martorella, 188 AD2d 795 [3d Dept 1992].) Thus defendant does not know of what Dr. Steere’s testimony will consist.
The motion is granted. First, plaintiff has not indicated that *999 she authorizes an ex parte interview by defense counsel of Dr. Steere. Thus she cannot be heard to complain that defendant is incapable of providing a more detailed response to plaintiffs demand for expert witness information as that response relates to Dr. Steere.
Second, since Dr. Orsher cannot contact Dr. Steere, Dr. Orsher does not know whether Dr. Steere will agree to provide expert testimony at his deposition. Dr. Steere cannot be compelled to respond to questions seeking to elicit opinion evidence and may very well at his deposition refuse to answer such questions. (See, Wilson v McCarthy, 53 AD2d 860 [2d Dept 1976]; Horowitz v Upjohn Co., 149 AD2d 467 [2d Dept 1989]; McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20, 29 [1964].) Thus at this point plaintiffs claim of prejudice is speculative and premature. (Cf., Waters v East Nassau Med. Group, 92 AD2d 893 [2d Dept 1983].) Therefore, to the extent that Dun seeks to impose the condition of a full and complete exchange of expert information relating to Dr. Steere’s prospective deposition testimony, which deposition Dr. Orsher does not oppose, such requested condition is denied. This denial is without prejudice to plaintiffs making any application to the court which plaintiff is so advised to make, at an appropriate point in the litigation following the deposition, for relief with respect to the deposition or for rulings at the time of trial as to the admissibility of any of Dr. Steere’s deposition testimony, for example, as to whether any such testimony would be cumulative of any other expert’s testimony or whether plaintiff would be unfairly prejudiced by the admission of such testimony (see generally, Tiborsky v Martorella, supra, at 797).
In conclusion, the defendant’s motion is granted.

 A general response to plaintiffs demand for expert information relating to Dr. Steere has been provided by defendant.