█ In the Matter of the Estate of MARIE NUGENT, Also Known as MARIE A. NUGENT, Deceased. RICHARD J. LEHNER, as Temporary Administrator of the Estate of MARIE NUGENT, Also Known as MARIE A. NUGENT, Deceased, and as Executor of ROSALIND CELLINO, Deceased, Appellant; ALLEN SCIOLI et al., Respondents, and NICHOLAS CELLINO, Appellant. [808 NYS2d 876]—

Appeals from an order of the Surrogate's Court, Erie County (Barbara Howe, S.), entered June 14, 2005. The order, inter alia, granted the motion of eight of the objectants to the will of Marie Nugent, also known as Marie A. Nugent, to compel disclosure.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion to compel in part and vacating the second ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Richard J. Lehner, as temporary administrator of the estate of Marie Nugent, also known as Marie A. Nugent (decedent), and as executor of the estate of Rosalind Cellino (proponent), and respondent, Nicholas Cellino, each appeal from an order granting the motion of eight of the objectants to decedent's will (objectants) to compel disclosure and directing that proponent's estate disclose certain financial records of proponent. The order further directed an in camera review of certain medical records of proponent for a determination by Surrogate's Court with respect to which, if any, of such medical records shall be subject to disclosure. We conclude that the court did not abuse its discretion in ordering limited disclosure of proponent's financial records. Those records may be relevant to the issue of undue influence (*see Matter of Panek*, 237 AD2d 82, 84-86 [1997]; *Matter of Fox*, 100 AD2d 744 [1984]).

We further conclude, however, that the court abused its discretion in directing an in camera review of certain medical records of proponent, and we therefore modify the order accordingly. We note that no appeal lies as of right from an order directing an in camera review of such records because such an order "does not affect a substantial right within the meaning of CPLR 5701 (a) (2) (v)" (*Garcia v Montefiore Med. Ctr.*, 209 AD2d 208, 209 [1994]; *see Bongiorno v Livingston*, 20 AD3d 379, 380 [2005]; *Lombardi v Hall*, 5 AD3d 739 [2004]; *Marriott Intl. v Lonny's Hacking Corp.*, 262 AD2d 10, 11 [1999]; *Navedo v Nichols*, 233 AD2d 378 [1996]). Nonetheless, we sua sponte grant leave to appeal pursuant to CPLR 5701 (c) and address the issue. Proponent has not placed her medical condition in controversy, nor has she otherwise waived the physician-patient privilege (*see* CPLR 4504 [a], [c]; *Dillenbeck v Hess*, 73 NY2d 278, 286-287 [1989]; *see generally Koump v Smith*, 25 NY2d 287, 294 [1969]). We reject the contention of objectants that they are entitled to the nonprivileged medical information of proponent,

such as the names and addresses of her treating physicians and her pharmacy records. The issue in this case is the testamentary capacity of decedent. Proponent's nonprivileged medical information is not "material and necessary" within the meaning of CPLR 3101 (a) for resolution of that issue, and thus does not pass the test of "usefulness and reason" that is applied in determining whether the information sought is subject to disclosure (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *see Conrad v Park*, 204 AD2d 1011, 1012 [1994]). Present—Hurlbutt, J.P., Scudder, Gorski and Smith, JJ.