■ DIANNA THOMPSON, Appellant, v JOSEPH EDWARD MATHER et al., Respondents. NELLIE KAZZAZ et al., Nonparty Respondents. [894 NYS2d 671]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered October 27, 2008 in a medical malpractice action. The order, among other things, directed that plaintiff will not be entitled to take the videotaped deposi-

tions of two nonparty witnesses unless certain conditions were met.

It is hereby ordered that the order so appealed from is unanimously reversed on the law with costs, the motion is granted and counsel for nonparty respondents is precluded from objecting during or otherwise participating in the videotaped depositions.

Memorandum: Plaintiff commenced this medical malpractice action alleging that defendants deviated from the standard of care in providing obstetrical and gynecological treatment by prescribing oral contraceptives when they knew or should have known based on plaintiff's medical and family history that the use of oral contraceptives as prescribed was contraindicated. In May 2004, plaintiff suffered an acute myocardial infarction, and she alleges that defendants' departure from the standard of care was a substantial factor in causing her injury and subsequent disability.

In preparation for trial, plaintiff's counsel arranged for nonparty respondents, plaintiff's treating cardiologists (hereafter, physicians), to provide testimony in advance of trial that would be videotaped and presented at trial in accordance with 22 NYCRR 202.15. The physicians were accompanied at the scheduled videotaping by counsel retained by their medical malpractice insurance carrier. During the videotaped trial testimony of nonparty respondent Dr. Rama Godishala, counsel for that physician interposed objections to, inter alia, form and relevance. Plaintiff's counsel objected to the participation by counsel during the videotaped trial testimony and the parties were unable to resolve the dispute. The videotaping therefore was suspended and plaintiff moved for an order "precluding . . . Dr. Godishala's counsel from objecting at the videotaped trial testimony except as to privileged matters or in the event that she were to deem questioning to be abusive or harassing."

In its order deciding the motion, Supreme Court directed that plaintiff and defendants are to "consider providing general releases to the [physicians] . . . with respect to their initial treatment of [plaintiff]" and that, if such releases are provided, plaintiff will "be entitled to have a videotaped deposition of [the physicians] during which deposition the attorneys for the [physicians] shall not be permitted to speak." The order further provided that, if the general releases are not provided, then the attorneys for the parties and the physicians "shall seek to work out ground rules for a non-party deposition" of the physicians. The order then provided that, if the attorneys are unable to "work out ground rules," plaintiff will not be entitled to take

the videotaped depositions of the physicians and they "are to be subpoenaed to testify" at trial.

We agree with plaintiff that counsel for a nonparty witness does not have a right to object during or otherwise to participate in a pretrial deposition. CPLR 3113 (c) provides that the examination and cross-examination of deposition witnesses "shall proceed as permitted in the trial of actions in open court." Although counsel for the physicians correctly conceded at oral argument of plaintiff's motion in Supreme Court that she had no right to object during or to participate in the trial of this action, she nevertheless asserted that she was entitled to object during nonparty depositions and videotaped deposition questioning. We cannot agree that there is such a distinction, based on the express language of CPLR 3113 (c). Indeed, we discern no distinction between trial testimony and pretrial videotaped deposition testimony presented at trial. We note in addition that 22 NYCRR 202.15, which concerns videotaped recordings of civil depositions, refers only to objections by the parties during the course of the deposition in the subdivision entitled "Filing and objections" (see 22 NYCRR 202.15 [g] [1], [2]). We thus conclude that plaintiff is entitled to take the videotaped depositions of the physicians and that counsel for those physicians is precluded from objecting during or otherwise participating in the videotaped depositions.

Lastly, we note that the practice of conditioning the videotaping of depositions of nonparty witnesses to be presented at trial upon the provision of general releases is repugnant to the fundamental obligation of every citizen to participate in our civil trial courts and to provide truthful trial testimony when called to the witness stand. Contrary to nonparty respondents' contention, the fact that the statute of limitations has not expired with respect to a nonparty treating physician witness for the care that he or she provided to a plaintiff provides no basis for such a condition. Present—Martoche, J.P., Smith, Carni and Pine, JJ.