*906 OPINION OF THE COURT
John M. Curran, J.
This is an action for medical malpractice. Plaintiff has sued the defendant physician and his professional corporation alleging that a laparoscopic surgery was negligently performed.
Plaintiff sought to depose a nonparty physician, Dr. Usha Chopra, as she was the pathologist who examined and reported on specimens removed during the subject surgery. Dr. Chopra was served with a subpoena to appear for her deposition at the office of plaintiff’s counsel on April 21, 2011. Dr. Chopra retained an attorney who arranged to accompany her to the deposition.
Dr. Chopra’s deposition proceeded uneventfully until plaintiffs counsel asked Dr. Chopra about a sentence in the operative report referring to what the “initial frozen section evaluation revealed.” Plaintiffs counsel asked Dr. Chopra whether this reference in the report refreshed her recollection about whether she spoke with the defendant surgeon on the day of the surgery. Dr. Chopra began her answer to this question by stating: “we always talk about the section to the surgeon - At that point, without invitation from plaintiffs counsel or a request by Dr. Chopra’s counsel to communicate with his client, Dr. Chopra’s counsel interrupted the answer stating: “Mr. Fitzgerald’s question though is does this - -.” According to Dr. Chopra’s counsel, through this interruption, he “tried to point out that (Dr. Chopra) either misheard or misunderstood the question” (Powers aff 1Í 7). At oral argument, Dr. Chopra’s counsel also stated that he was trying to assist plaintiffs counsel by interrupting the doctor’s answer.
Immediately upon the uninvited interruption by Dr. Chopra’s counsel, plaintiffs counsel instructed Dr. Chopra’s counsel that he was not permitted to “interrupt or coach” and cited to the Fourth Department’s recent decision in Thompson v Mather (70 AD3d 1436 [4th Dept 2010]). A moment later, Dr. Chopra’s counsel terminated the deposition. An unpleasant exchange thereafter occurred between plaintiffs counsel and Dr. Chopra’s counsel, apparently fueled by personal animosity based on previous cases in which they were engaged (see e.g. Fitzgerald aff 1Í 21; Powers aff 1i 7).
Plaintiff has moved to compel Dr. Chopra’s deposition and to have the court impose costs and sanctions for frivolous conduct against Dr. Chopra’s counsel. Dr. Chopra has cross-moved for an *907 order limiting, conditioning and/or regulating Dr. Chopra’s deposition.
Plaintiffs Motion
The statutory and regulatory framework governing conduct at depositions is reasonably clear. It has been so since at least the time CPLR 3113 was made effective in September 1963. That statute provides in subdivision (c): “Examination and cross-examination of deponents shall proceed as permitted in the trial of actions in open court.”
During trial, parties are entitled to be represented by counsel as allowed by CPLR 321 (a). There is no such provision pertaining to nonparties.
During a trial in open court, attorneys representing parties:
(1) are required to object or otherwise seek court permission to speak while a witness examination is occurring in open court;
(2) are required to state objections succinctly and objections are not to be framed to suggest an answer to the witness;
(3) are not permitted during a witness’s examination to make statements or comments that interfere with the questioning, such as by offering clarifications of the questions; and
(4) are prohibited from interrupting his or her client’s testimony and approaching the witness to confer with the witness while the question is pending. Attorneys who represent nonparties are typically not permitted to play any role in a civil trial. None of these observations is anything new to the competent trial lawyer.
The application of these trial procedures to depositions also is nothing new. Thirty-five years ago, in Freedco Prods. v New York Tel. Co. (47 AD2d 654, 655 [2d Dept 1975]), the Appellate Division stated:
“We do again, however, call to the attention of the Bench and Bar that in an examination before trial unless a question is clearly violative of the witness’s constitutional rights, or of some privilege recognized in law, or is palpably irrelevant, questions should be freely permitted and answered, since all objections other than as to form are preserved for the trial and may be raised at that time.”
That same year, the Third Department stated the same thing in Watson v State of New York (53 AD2d 798 [3d Dept 1976]). The Fourth Department has reiterated this rule on at least *908 three occasions (Humiston v Grose, 144 AD2d 907 [4th Dept 1988]; Dibble v Consolidated Rail Corp., 181 AD2d 1040 [4th Dept 1992]; Roggow v Walker, 303 AD2d 1003 [4th Dept 2003]).
Despite the language of CPLR 3113 (c), and the above-quoted case law, the conduct during depositions in New York by some segments of the bar necessitated the adoption in 2006 of Uniform Rules for Trial Courts (22 NYCRR) part 221 providing for the Uniform Rules for the Conduct of Depositions (Uniform Rules). These uniform rules also were nothing new but rather a useful regulatory guide to effectuate application of CPLR 3113 (c), and to otherwise reconfirm controlling case law.
In this context, the Fourth Department issued its decision in Thompson v Mather (70 AD3d 1436, 1438 [2010]). There, the Fourth Department held:
“We agree with plaintiff that counsel for a nonparty witness does not have a right to object during or otherwise to participate in a pretrial deposition. . . . We thus conclude that plaintiff is entitled to take the videotaped depositions of the physicians and that counsel for those physicians is precluded from objecting during or otherwise participating in the videotaped depositions.”
The language of this decision merely sets forth what is already the procedure for a nonparty who testifies at trial in open court. Counsel for a nonparty does not have standing to object on any evidentiary basis and does not otherwise participate at trial. As depositions are to be conducted “as permitted in the trial of actions in open court” (CPLR 3113 [c]), the Fourth Department’s decision in Thompson does nothing more than apply well-accepted trial procedures to depositions.
Dr. Chopra’s counsel attempts to distinguish and limit Thompson by arguing that its holding only pertains to depositions videotaped to preserve testimony for trial. The language of the Thompson decision, however, directly contradicts this argument: “[w]e agree with plaintiff that counsel for a nonparty witness does not have a right to object during or otherwise to participate in a pretrial deposition” (70 AD3d at 1438). The Fourth Department also rejected the argument made by the nonparty physician’s counsel seeking to distinguish between trial testimony and videotaped deposition testimony: “[i]ndeed, we discern no distinction between trial testimony and pretrial videotaped deposition testimony presented at trial” (70 AD3d at 1438). Further, there is no evidentiary difference between dep *909 osition testimony videotaped for trial of a nonparty authorized to practice medicine and an ordinary deposition of a nonparty authorized to practice medicine as either may be used at trial pursuant to CPLR 3117 (a) (4). For all of these reasons, the distinction suggested by Dr. Chopra’s counsel is rejected as without merit.
Because Thompson is directly applicable here, it must be applied by this court. While the interruption of the deposition by Dr. Chopra’s counsel was brief, it was nevertheless in violation of CPLR 3113 (c), the Uniform Rules for the Conduct of Depositions, contrary to controlling case law, and contrary to the Fourth Department’s decision in Thompson. It follows therefore that the termination of Dr. Chopra’s deposition by her counsel also was not in accordance with these controlling authorities.
At oral argument, Dr. Chopra’s counsel admitted that he made a “mistake” under the holding in Thompson by seeking to clarify the question posed by plaintiff’s counsel. In response, plaintiffs counsel argued that it was no mere “mistake” but rather an intentional interference with the flow of the deposition which would have continued throughout had plaintiff’s counsel not immediately invoked the Thompson decision. Plaintiffs counsel further points out that Dr. Chopra’s counsel was involved in the Thompson case and was therefore well aware of the holding of the Fourth Department. For these reasons, plaintiffs counsel strongly urges the court to impose sanctions under part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR) based on the “frivolous conduct” of Dr. Chopra’s counsel.
Dr. Chopra’s counsel has acknowledged that, at the time he interrupted Dr. Chopra’s deposition, he was aware of the holding in Thompson. Still, after the issue arose during the deposition, Dr. Chopra’s counsel stated, among other things, that Thompson “has nothing to do with what is going on here,” that Thompson was not “clear,” and that he was “going to participate anyways.” In light of Dr. Chopra’s counsel’s awareness of the holding in Thompson, and the comments he made at Dr. Chopra’s deposition, including that he was going to “participate anyways,” the court cannot accept the explanation by Dr. Chopra’s counsel that he merely made a “mistake.” If it was truly a “mistake,” it could have been remedied at the time of the deposition rather than terminating it and waiting for the plaintiff to make a motion.
Nevertheless, during the discussion between counsel at the deposition which followed the interruption, Dr. Chopra’s counsel *910 stated that he was “just trying to explain to (Dr. Chopra) that she didn’t understand your question” and that Dr. Chopra had never testified before. While these reasons are not a proper basis for interrupting the deposition, they highlight the tension between the ethical obligations a nonparty witness’s counsel has to represent his or her client and the trial procedures applicable to depositions. On the one hand, the lawyer for the nonparty has no right to object or otherwise participate. On the other hand, the lawyer has a duty under the Rules of Professional Conduct (22 NYCRR part 1200) to represent his or her client competently (rule 1.1) and diligently (rule 1.3). Undoubtedly, it is this tension which causes lawyers to bristle at the perceived requirement that they sit by as a “potted plant.”*
Under the circumstances presented by this motion, however, Dr. Chopra’s counsel had no basis for interjecting himself into the deposition. The question presented to Dr. Chopra did not seek to invade a privilege, was not prohibited by any court order, and was not plainly improper. Even if he were representing a party, Dr. Chopra’s counsel would have been without any basis in law to interrupt the proceedings in the way he did. If Dr. Chopra’s counsel attempted at trial to interrupt a witness’s answer and rephrase the question, irrespective of whether he represented a party or nonparty, it is likely he would receive a swift rebuke from the court. If the behavior occurred repeatedly at trial, it is likely that Dr. Chopra’s counsel would be running afoul of the Rules of Professional Conduct which state that a lawyer appearing before a tribunal shall not “intentionally or habitually violate any established rule of procedure or of evidence” or “engage in conduct intended to disrupt the tribunal” (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3 [f] [3], [4]).
At oral argument, counsel for plaintiff and Dr. Chopra agreed that, when conducting a deposition, a lawyer is appearing before a tribunal for the purpose of invoking the pertinent Rules of Professional Conduct, i.e., rules 3.3 (“Conduct before a tribunal”) and 3.4 (“Fairness to opposing party and counsel”). This understanding is consistent with the concept that depositions shall be conducted “as permitted in the trial of actions in open court” (CPLR 3113 [c]). Thus, while a lawyer representing *911 a nonparty witness at a deposition must act competently and diligently, he or she also must abide by the rules governing the privilege of representing clients before a tribunal.
Given the competing interests at play here, and because the interruption by Dr. Chopra’s counsel during the deposition was singular, the court declines to impose sanctions for frivolous conduct. Rather, the court directs that Dr. Chopra appear for her examination before trial at the offices of plaintiff’s counsel by August 31, 2011. Additionally, Dr. Chopra’s counsel is directed to pay costs of this motion to plaintiff of $100 (CPLR 8106, 8202), plus, as a disbursement, the cost of the transcript paid by plaintiffs counsel ($83.65), to be paid by August 15, 2011. Plaintiffs motion is otherwise denied.
Dr. Chopra’s Cross Motion
The cross motion initially raises the issue of whether a nonparty such as Dr. Chopra has a right to be represented by counsel during the deposition. Dr. Chopra’s counsel asserts that there is such a right but, in his papers and at oral argument, he has not identified the source of that right or submitted any legal authority establishing it. Further, neither counsel for the parties, Dr. Chopra’s counsel, nor the court has located any constitutional, statutory or regulatory support for the alleged right to counsel.
The court has located one decision from a federal district court which recognized that a person being deposed generally is entitled to have counsel present at the deposition (Women in City Govt. United v City of New York, 112 FRD 29, 32 [SD NY 1986]). There, the court held:
“As a general rule, a person being deposed, whether a party or a non-party witness, is entitled to have counsel present at his deposition. This rule is intended to allow the deponent to intelligently exercise testimonial privileges — chief among them being the privilege against compulsory self incrimination. Counsel is not present to keep the deponent from making a statement against his interest in the absence of a testimonial privilege and he is not present to object on evidentiary grounds. A non-party witness’ counsel is also not present to participate generally in the deposition by cross-examination or otherwise. Counsel for the deponent does, on the other hand, have standing to move to terminate the deposition pursuant to Fed. R. Civ. E 30 (d) and for a protective order pursuant to Fed. R. Civ. E 26 (c).”
*912 The above quote generally describes the accepted practice for depositions of nonparties in New York courts. Nonparties are routinely allowed to be represented by counsel during their depositions. In a different context, the Fourth Department has supported a nonparty’s right to choose one’s own counsel (Maxon v Woods Oviatt Gilman LLP, 45 AD3d 1376 [4th Dept 2007] [“the court properly determined under the circumstances of this case that the nonparty witness, who had an existing attorney-client relationship with defendant law firm, was entitled to counsel of his own choosing”]). This case is consistent with the general concept recognized repeatedly by the Court of Appeals that clients have a right to counsel of their own choosing (Cohen v Lord, Day & Lord, 75 NY2d 95, 98 [1989]; Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 380 [1993]; Solow v Grace & Co., 83 NY2d 303, 309-310 [1994]). None of these cases recognize an unfettered right of a client to always be represented by a specific counsel of his or her own choosing, and none pertain to the precise situation involved here.
The generally accepted practice of allowing nonparties to be represented by counsel during pretrial depositions also accords with the concept adhered to in Thompson, i.e., that depositions should be conducted as though at trial. Consistent with that concept, a nonparty’s lawyer would be allowed to attend a public civil trial and observe the testimony from the audience. At a minimum, therefore, Thompson would appear to allow attendance at a nonparty’s deposition by the attorney representing the witness.
In this case, whether such a right to attend and observe a nonparty client’s pretrial deposition exists need not be decided because plaintiff does not oppose having Dr. Chopra’s counsel present at the deposition so long as he complies with the CPLR, the Uniform Rules and Thompson. Accordingly, without deciding the issue, it is anticipated that, at the deposition of Dr. Chopra, she will be entitled to have counsel attend and observe the testimony.
The next issue raised by Dr. Chopra’s counsel on the cross motion is his request to “actively represent and participate” during the nonparty deposition. As discussed above, this relief as phrased cannot be allowed under Thompson and is inconsistent with CPLR 3113 (c).
Dr. Chopra’s counsel argues that the possibility Dr. Chopra could be named as a defendant in this case sometime in the future is a necessary and sufficient basis for his “active” repre *913 sentation and participation during the deposition. This argument is inconsistent with the language of Thompson which excoriated the suggestion that a general release be provided to a witness such as Dr. Chopra as a condition of testifying at the deposition (Thompson, 70 AD3d at 1438 [conditioning a nonparty deposition upon providing the nonparty with a general release “is repugnant to the fundamental obligation of every citizen to participate in our civil trial courts and to provide truthful trial testimony when called to the witness stand”]). Furthermore, in a civil action, with no criminal implications for the witness requiring assertion of the testimonial privilege against self-incrimination, the witness has no right to withhold truthful albeit harmful testimony (see e.g. McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20, 28 [1964]). There is no privilege shielding testimony which may expose a nonparty witness to civil liability and questions which could lead to information uncovering the basis of such liability are not plainly improper.
Embedded within the request by Dr. Chopra’s counsel that he be permitted to “actively” participate in the deposition is an important issue regarding the proper mechanism, if any, for protecting the nonparty witness’s legitimate concerns. Dr. Chopra’s counsel is concerned that a literal and broad reading of Thompson (i.e., no “participation”) will subject his client to questioning which might invade a privilege or be plainly improper and cause substantial prejudice if answered.
This court does not read Thompson for such a broad proposition. Rather, Thompson should be read in light of its facts. There, the Fourth Department addressed attempts by a nonparty witness’s counsel to object to form and relevance. The relief requested by plaintiff on the motion involved in Thompson excepted out objections for “privileged matters” and questions deemed “abusive or harassing” (70 AD3d at 1437). Thus, the facts in Thompson do not support a conclusion that counsel for a nonparty witness is prohibited from protecting his or her client from an invasion of a privilege or plainly improper questioning causing significant prejudice if answered.
Uniform Rules §§ 221.2 and 221.3 are not limited to parties but apply to “deponents.” Thus, in the event that a question posed to a nonparty fits within the three exceptions listed in section 221.2, the nonparty’s attorney is entitled to follow the procedures set forth in sections 221.2 and 221.3. In accordance with these rules, the examining party is entitled to complete the remainder of the deposition. In the event a dispute arises *914 regarding the application of the Uniform Rules, CPLR 3103 (a) authorizes any “party” or “person from whom discovery is sought” to apply for a protective order. Either a “party” or “person from whom discovery is sought” is therefore entitled to suspend the deposition to serve such a motion. The deposition is stayed while the motion is pending (CPLR 3103 [b]).
At oral argument, plaintiffs counsel argued that the language of CPLR 3103 does not authorize the suspension of the deposition while the examining party or the nonparty witness seeks a protective order. Plaintiffs counsel asserts therefore that Dr. Chopra’s counsel did not have a lawful basis for suspending the deposition to seek a protective order.
CPLR 3103 lacks the precision of Federal Rules of Civil Procedure rule 30 (d) (3) (A) which states: “If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.” Nevertheless, this is the procedure which the Fourth Department apparently condoned in Thompson (70 AD3d at 1437). Plus, CPLR 3103 would have no practical application if the deposition could not be suspended for the purpose of making a motion for a protective order. Otherwise, the examining attorney would be forced to endure impermissible interruptions in the nonparty deposition by the witness’s or a party’s counsel, or the witness would be required to answer plainly improper questions causing significant prejudice when answered. This court therefore construes CPLR 3103 to allow the suspension of a deposition to seek a protective order (McKinney’s Cons Laws of NY, Book 1, Statutes § 143 [statutes are to be given a reasonable construction it being presumed a reasonable result was intended by the legislature]).
Based on the above, the request by Dr. Chopra’s counsel to “actively” participate and represent his client’s interests during the deposition is denied. Rather, his role during the deposition is limited to the situations governed by Uniform Rules §§ 221.2 and 221.3
Lastly, Dr. Chopra’s counsel requests an order prohibiting questions incorporating hypothetical facts which seek opinion testimony (see e.g. Wilson v McCarthy, 53 AD2d 860 [2d Dept 1976]; Waters v East Nassau Med. Group, 92 AD2d 893 [2d Dept 1983]; Cuccia v Brooklyn Med. Group, 171 AD2d 836 [2d Dept 1991]; Fristrom v Peekskill Community Hosp., 239 AD2d 315 [2d Dept 1997]; Piervinanzi v Bronx Cross County Med. Group, 244 AD2d 396 [2d Dept 1997]; Jones v Cummings, 55 *915 AD3d 677 [2d Dept 2008]; see generally People ex rel. Kraushaar Bros. & Co. v Thorpe, 296 NY 223 [1947]; cf. Gilly v City of New York, 69 NY2d 509 [1987]; Hardter v Semel, 197 AD2d 846 [4th Dept 1993]; Cruz v City of New York, 135 Misc 2d 393 [Sup Ct, NY County 1987]). Dr. Chopra’s counsel also requests a general limitation on the questioning during the deposition prohibiting plaintiff’s counsel from posing questions which seek legal or factual conclusions or questions asking the witness to draw inferences from the facts (Lobdell v South Buffalo Ry. Co., 159 AD2d 958 [4th Dept 1990]; see also Mayer v Hoang, 83 AD3d 1516 [4th Dept 2011]; Barber v BPS Venture, Inc., 31 AD3d 897 [3d Dept 2006]).
At the time Dr. Chopra’s counsel interrupted his client’s answer and the deposition, the question pending was entirely proper. The question was not in the form of a hypothetical and did not seek opinion testimony. It also did not seek a legal or factual conclusion, and was not argumentative (see Lakeville Merrick Corp. v Town Bd. of Town of Islip, 23 AD2d 584, 585 [2d Dept 1965]; Milbeck Apts., Inc. v Corby Assoc., Inc., 285 App Div 83, 85 [1st Dept 1954]). Accordingly, there is no basis in this record to instruct plaintiffs counsel not to ask such questions. It also is the better and fairer course of action to await a full record of the deposition containing the specific questions and their context (American Reliance Ins. Co. v National Gen. Ins. Co., 174 AD2d 591, 593 [2d Dept 1991]; see also Riordan v Cellino & Barnes, P.C., 84 AD3d 1737 [4th Dept 2011]; Hardter, 197 AD2d at 846-847; White v Martins, 100 AD2d 805, 806 [1st Dept 1984]; Supama Coal Sales Co. v Jackson, 186 AD2d 1052 [4th Dept 1992]; Tardibuono v County of Nassau, 181 AD2d 879 [2d Dept 1992]; Cruz, 135 Misc 2d at 400). The court also is entitled to rely upon the “good faith obligation” of plaintiffs counsel to ask questions which “comply with the spirit as well as the letter of the statute and procedure” (White, 100 AD2d at 805). If a further motion regarding this deposition is required, whether a particular question is proper will be subject to the ultimate test of “usefulness and reason” in light of the liberal interpretation afforded to the statutes and rules governing disclosure (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Matter of Nugent, 26 AD3d 892, 894 [4th Dept 2006]; Conrad v Park, 204 AD2d 1011, 1012 [4th Dept 1994]).
For the reasons discussed above, the cross motion is denied except that Dr. Chopra’s counsel is entitled to employ Uniform Rules §§ 221.2 and 221.3.

 This reference to a “potted plant” was used by both Dr. Chopra’s counsel and by counsel for the defendants. It is a reference to the statement made by Brendan V Sullivan, Jr., Esq., while representing Oliver North during congressional hearings, during which Sullivan stated: “I am not a potted plant. I am here as the lawyer. That’s my job.”