OPINION OF THE COURT
Michael D. Stallman, J.
It is ordered that plaintiffs motion for a “preliminary injunction” is denied.
In this Labor Law action, plaintiff was allegedly injured during construction at the site of the former World Trade Center. Plaintiff commenced this action against the New York City Transit Authority; the Metropolitan Transportation Authority; the City of New York; the Port Authority of New York and New Jersey; Phoenix Constructors, JV; KTI Phoenix; and Phoenix Nicholson/E.E. Cruz, LLC. All defendants are represented by the same attorney.
Plaintiff subpoenaed nonparty Skanska Mechanical Structural Inc. to appear for a nonparty deposition. Plaintiffs counsel claims that counsel for defendants contacted plaintiffs counsel to inform him that defendants’ counsel was representing Skanska, and that plaintiffs counsel was prohibited from conversing with the Skanska witness to be deposed. Plaintiff now moves for a preliminary injunction enjoining defendants’ attorney from representing an employee of nonparty Skanska and from instructing/directing that witness not to answer any questions to be posed at Skanska’s nonparty deposition.
As a threshold matter, plaintiffs motion for a “preliminary injunction” is not, in fact, in the nature of a provisional remedy, but rather pertains to discovery, including informal discovery. To that extent, plaintiffs motion is more in the nature of a protective order and to disqualify defendants’ counsel as counsel to Skanska.
One would hazard to guess that the impetus of plaintiffs motion is Thompson v Mather (70 AD3d 1436 [4th Dept 2010]), which plaintiff cites. In Thompson, the Appellate Division, Fourth Department, held:
“We agree with plaintiff that counsel for a nonparty witness does not have a right to object during or otherwise to participate in a pretrial deposition. *840 CPLR 3113 (c) provides that the examination and cross-examination of deposition witnesses ‘shall proceed as permitted in the trial of actions in open court.’ ” (Id. at 1438.)
As one commentator put it, Thompson “spark[ed] a lively debate among practitioners and commentators.” (David Paul Horowitz, Burden of Proof, You May Say Something, 83 NY St BJ 16, 16 [Sept. 2011]; David Paul Horowitz, Burden of Proof, Just Sit There and Be Quiet, 83 NY St BJ 15 [June 2011]; David Paul Horowitz, Burden of Proof, May I Please Say Something?, 83 NY St BJ 82 [July/Aug. 2011]; see also Patrick M. Connors, 2010 and 2011 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3113:7, 2012 Pocket Part at 26, 29; 232 Siegel’s Practice Review, 4th Dep’t Says Counsel for Nonparty Witness Has No Right to Object during Deposition at 4 [Apr. 2011] [“A guest with so cordial an invitation should get a more gracious reception than the Thompson case offers”].)
In Sciara v Surgical Assoc. of W. N.Y., P.C., Justice Curran examined Thompson at length:
“Thompson should be read in light of its facts. There, the Fourth Department addressed attempts by a nonparty witness’s counsel to object to form and relevance. The relief requested by plaintiff on the motion involved in Thompson excepted out objections for ‘privileged matters’ and questions deemed ‘abusive or harassing.’ Thus, the facts in Thompson do not support a conclusion that counsel for a nonparty witness is prohibited from protecting his or her client from an invasion of a privilege or plainly improper questioning causing significant prejudice if answered.
“Uniform Rules §§ 221.2 and 221.3 are not limited to parties but apply to ‘deponents.’ Thus, in the event that a question posed to a nonparty fits within the three exceptions listed in section 221.2, the nonparty’s attorney is entitled to follow the procedures set forth in sections 221.2 and 221.3.” (Sciara v Surgical Assoc. of W. N.Y., P.C., 32 Misc 3d 904, 913 [Sup Ct, Erie County 2011] [citation omitted].)
Thus, at the very least, counsel for a nonparty witness at a deposition may object under the permitted exceptions set forth in the Uniform Rules for the Conduct of Depositions. (22 NYCRR 221.1 et seq.)
*841 Commentators have suggested that Thompson does not address the situation where a party’s counsel represents the nonparty as well, because a party’s counsel may raise objections at trial. This court agrees.
“Thompson does not place any restrictions on the ability of an attorney representing a party to the action to represent a non-party at the deposition and to participate fully in that deposition. Thus, it is the hat worn by the attorney, rather than that worn by the witness, that controls the ability of the attorney to participate in a nonparty deposition.” (David Paul Horowitz, May I Please Say Something?, 83 NY St BJ 82, 82.)
Otherwise, a party’s counsel who is entitled to raise objections at a deposition would lose that right to object by virtue of the dual representation of a nonparty.
Plaintiff maintains that defendants’ counsel should be disqualified from representing Skanska because defendants’ counsel allegedly solicited Skanska for representation, in violation of rule 7.3 of the Rules of Professional Conduct (22 NYCRR 1200.0). Plaintiff also argues that Skanska’s representation by defendants’ counsel would create a conflict of interest, in that defendants could potentially implead Skanska as a third-party defendant. In addition, plaintiff contends that, under Niesig v Team I (76 NY2d 363 [1990]), plaintiff is entitled to have direct access to employees of a nonparty.
Plaintiff has not demonstrated that defendants’ counsel improperly solicited Skanska in violation of rule 7.3 of the Rules of Professional Conduct. First, defendants’ counsel maintains that Skanska approached defendants’ counsel and was therefore not solicited. (Bruno affirmation 1Í 8.) Second, rule 7.3 (a) (1) states, “A lawyer shall not engage in solicitation ... by in-person or telephone contact . . . unless the recipient is a . . . former client or existing client.” Defendants’ counsel asserts that Skanska is a former client. (Bruno affirmation H 9.) Although plaintiff speculates as to a conflict of interest that may arise from counsel’s dual representation of defendants and nonparty Skanska, plaintiff has no standing to seek disqualification, because plaintiff does not claim that he has ever had an attorney-client relationship with defendants’ counsel. (Hall Dickler Kent Goldstein & Wood, LLP v McCormick, 36 AD3d 758, 759 [2d Dept 2007]; Develop Don’t Destroy Brooklyn v Empire State Dev. Corp., 31 AD3d 144 [1st Dept 2006].) In any *842 event, by counsel, defendants state that they have no intention of commencing a third-party action against Skanska. (Bruno affirmation 1Í10.)
Contrary to plaintiffs argument, neither Niesig v Team I nor Muriel Siebert & Co., Inc. v Intuit Inc. (8 NY3d 506 [2007]) stands for the proposition that a nonparty witness is not entitled to be represented by counsel for the purposes of informal discovery. An attorney who engages in informal discovery with a nonparty must “make clear that any discussion with counsel is entirely voluntary.” (Arons v Jutkowitz, 9 NY3d 393, 410 [2007].) Because the discussion is voluntary in informal discovery, a nonparty wishing to talk informally to counsel only with an attorney present may therefore not be forced to forgo access to counsel.
Therefore, plaintiffs motion is denied.