# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1466**
**CA 12-00809**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

RENEE SCIARA AND MATTHEW SCIARA,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

                V                               MEMORANDUM AND ORDER

SURGICAL ASSOCIATES OF WESTERN NEW YORK, P.C.
AND GEORGE BLESSIOS, M.D.,
DEFENDANTS-RESPONDENTS.
-------------------------------------------------
USHA CHOPRA, M.D. AND FAGER & AMSLER, LLP,
RESPONDENTS-APPELLANTS.
(APPEAL NO. 1.)

---

BRIAN P. FITZGERALD, P.C., BUFFALO (BRIAN P. FITZGERALD OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.

FAGER & AMSLER, LLP, LATHAM (NANCY MAY-SKINNER OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (JOSEPH V. MCCARTHY OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal and cross appeal from an order of the Supreme Court, Erie
County (John M. Curran, J.), entered September 14, 2011 in a medical
malpractice action. The order, among other things, granted that part
of plaintiffs' motion seeking to compel nonparty witness Usha Chopra,
M.D. to appear for the completion of her deposition.

It is hereby ORDERED that the order so appealed from is modified
on the law by denying the cross motion of respondent Usha Chopra, M.D.
in its entirety and as modified the order is affirmed without costs in
accordance with the following Memorandum: Plaintiffs appeal and Usha
Chopra, M.D. (respondent), a nonparty, cross-appeals from an order
related to the deposition testimony of respondent. Plaintiffs
commenced this medical malpractice action alleging, inter alia, that
defendant George Blessios, M.D. was negligent with respect to surgery
he performed on Renee Sciara (plaintiff). Respondent, a pathologist,
examined tissue removed from plaintiff during the surgery. The
deposition of respondent was discontinued following a contentious
verbal exchange between plaintiffs' counsel and respondent's counsel
that arose when respondent's counsel interrupted the deposition to
clarify a question asked by plaintiffs' counsel. Plaintiffs moved,
inter alia, for an order precluding respondent's counsel from
participating in any respect in the continued deposition of

respondent.  Respondent cross-moved, inter alia, for an order permitting her counsel to participate in her deposition.  Supreme Court granted the motion in part by directing, inter alia, that respondent was required to complete her deposition.  The court also granted the cross motion in part by permitting respondent's counsel to participate in the deposition as provided for in 22 NYCRR 221.2 and 221.3.  The court erred in granting the cross motion to that extent (*see Thompson v Mather*, 70 AD3d 1436, 1438), and we therefore modify the order accordingly.

As we stated in *Thompson*, "counsel for a nonparty witness does not have a right to object during or otherwise to participate in a pretrial deposition.  CPLR 3113 (c) provides that the examination and cross-examination of deposition witnesses 'shall proceed *as permitted* in the trial of actions in open court' " (*id.* [emphasis added]), and it is axiomatic that counsel for a nonparty witness is not permitted to object or otherwise participate in a trial (*see e.g. id.*).  We recognize that 22 NYCRR 221.2 and 221.3 may be viewed as being in conflict with CPLR 3113 (c) inasmuch as sections 221.2 and 221.3 provide that an "attorney" may not interrupt a deposition except in specified circumstances.  Nevertheless, it is well established that, in the event of a conflict between a statute and a regulation, the statute controls (*see Matter of Hellner v Board of Educ. of Wilson Cent. School Dist.*, 78 AD3d 1649, 1651).

We also recognize the practical difficulties that may arise in connection with a nonparty deposition, which also have been the subject of legal commentaries (*see e.g.* 232 Siegel's Practice Review, *Objections by Nonparty Witness?* at 4 [Apr. 2011]; Patrick M. Connors, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3313:7, 2013 Pocket Part at 31-33).  However, we decline to depart from our conclusion in *Thompson* (70 AD3d at 1438) that the express language of CPLR 3113 (c) prohibits the participation of the attorney for a nonparty witness during the deposition of his or her client.  We further note, however, that the nonparty has the right to seek a protective order (*see* CPLR 3103 [a]), if necessary.

We have reviewed the remaining contentions of plaintiffs and respondent and conclude that they are without merit.  We note that documents included in the appendix to plaintiffs' brief are outside the record on appeal and therefore have not been considered (*see Sanders v Tim Hortons*, 57 AD3d 1419, 1420).

All concur except FAHEY and MARTOCHE, JJ., who dissent in part and vote to affirm in the following Memorandum:  We respectfully dissent in part because we cannot agree with the majority that Supreme Court erred in granting in part the cross motion of Usha Chopra, M.D. (respondent), a nonparty, by permitting respondent's counsel to participate in a limited fashion during plaintiffs' continued deposition of respondent.  We therefore would affirm the order.  The majority relies on the statement of this Court in *Thompson v Mather* (70 AD3d 1436, 1438) that "counsel for a nonparty witness does not have a right to object during or otherwise to participate in a pretrial deposition."  We note that *Thompson* involved 22 NYCRR 202.15,

which concerns the videotaping of deposition testimony that may be filed with the clerk of the trial court and specifically refers to objections "made by any of the *parties* during the course of the deposition" (22 NYCRR 202.15 [g] [1], [2] [emphasis added]).  Here, the deposition was not taken pursuant to that rule, but rather was taken pursuant to 22 NYCRR part 221, entitled Uniform Rules for the Conduct of Depositions, which permits *deponents*, not merely "parties," to raise objections during the course of the deposition (*see e.g.* 22 NYCRR 221.2).  We note that, in *Thompson*, the plaintiff moved for an order precluding the nonparty deponent's counsel from objecting to the videotaped trial testimony " 'except as to privileged matters or in the event that she were to deem questioning to be abusive or harassing' " (*id.* at 1437).  Thus, even the plaintiff's counsel in *Thompson* recognized that a nonparty has certain rights at the deposition.

The majority also relies, as did this Court in *Thompson*, on CPLR 3113 (c), which provides that the examination and cross-examination of deposition witnesses "shall proceed as permitted in the trial of actions in open court."  The majority thus concludes that, because counsel for a nonparty witness is not permitted to object or otherwise to participate at a trial, counsel for the nonparty witness likewise is not permitted to object or otherwise participate at the nonparty's deposition.  The majority believes that there is a conflict between CPLR 3113 (c) and 22 NYCRR 221.2 and 221.3, which regulations permit an "attorney" to interrupt a deposition in specified circumstances.

We do not believe that CPLR 3113 (c) must be interpreted in a manner that establishes a conflict with the Uniform Rules for the New York State Trial Courts.  "Where the language of a statute is ambiguous or uncertain, the construction placed on it by contemporaries . . . will be given considerable weight in its interpretation" (McKinney's Cons Laws of NY, Book 1, Statutes § 128 [a]), as in the case of a practical construction that has received general acquiescence for a long period of time.  In that regard, CPLR 3113 (c), which became effective in 1963 with the adoption of the CPLR in place of the prior Civil Practice Act, does not have a direct corollary in the Civil Practice Act.  Former section 202 of the Civil Practice Act discusses the "[m]anner of taking testimony" in a deposition, but there is no identical predecessor to CPLR 3113 (c).

The rules in question here, namely, 22 NYCRR 221.1 and 221.2, became effective in 1986, approximately 23 years after the adoption of CPLR 3113 (c).  As one commentator has stated, numerous cases over the years addressing issues arising at depositions of nonparties have noted, without comment or criticism, the active participation of counsel for the nonparty at the deposition (David Paul Horowitz, *May I Please Say Something*, 83 NY St BJ 82, 83 [July/Aug. 2011], citing *Horowitz v Upjohn Co.*, 149 AD2d 467).  We can only presume that the Chief Administrator of the Courts was aware of CPLR 3113 (c) when the Uniform Rules regarding depositions were adopted and that the Chief Administrator would not create a direct conflict with a statute.

The long-standing practice of counsel for a nonparty witness

objecting at a deposition is exemplified by the Second Department's decision in *Horowitz.*  There, the Second Department stated that the nonparty witness, a partner of the defendant physicians at the time the infant plaintiff's mother was their patient, was entitled to refuse to answer questions that sought testimony in the nature of opinion evidence (*id.* at 467-468).  There was no discussion of CPLR 3113 (c) or the rules.  The relief fashioned by the Second Department "was favorable *to the objections raised by counsel for the non[]party at the deposition.*  The Second Department evinced no problem with the participation of counsel for the nonparty at the deposition, thereby, at the very least impliedly countenancing the practice" (Horowitz, 83 NY St BJ at 83 [emphasis added]).

In our view, the result reached by the court here was reasonable. It is beyond cavil that trial courts have broad discretion in supervising discovery.  For example, CPLR 3101 (b) provides that, "[u]pon objection by a person entitled to assert the privilege, privileged matters should not be obtainable."  That section suggests that a nonparty may not be required to disclose privileged matter whether it be at a deposition or at trial.  The question of what constitutes "privileged matter" is a significant legal one and we fail to see how a nonparty witness at a deposition, without the benefit of counsel, would be so knowledgeable as to assert the privilege in the appropriate circumstance.  Similarly, CPLR 3103 (a) authorizes a court, on its own initiative, "or on motion of any party or of any person from whom discovery is sought," to issue a protective order denying, limiting, conditioning or regulating the use of any disclosure device.  That section similarly would allow a nonparty witness, as "any person from whom discovery is sought" (*id.*), to seek a protective order conditioning the use of a deposition by allowing the nonparty to have counsel at the deposition for the purpose of raising appropriate objections.

There is also the practical question faced by a nonparty at the deposition, when the statute of limitations has not yet run against that nonparty.  Indeed, the decision in *Thompson* encourages a plaintiff, faced with commencing an action against several defendants, whether in the medical malpractice realm or some other area of law (*see Alba v New York City Tr. Auth*., 37 Misc 3d 838 [Labor Law]), to name the seemingly least culpable party as a defendant and depose ostensibly more culpable parties, with the idea that information, perhaps incriminating and always under oath, may be gleaned from the "nonparties" who do not have the right to have counsel present.

In conclusion, we do not believe that there is a direct and obvious conflict between CPLR 3113 (c) and the Uniform Rules, and we further conclude that the court did not abuse its discretion in allowing the nonparty witness here to have counsel present at the deposition for a limited purpose.  We therefore would affirm the order.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court