Order, Supreme Court, New York County (Michael D. Stall-man, J.), entered November 16, 2012, which, to the extent appealable, denied plaintiff’s second motion for partial summary judgment on the issue of liability, unanimously modified, to grant the motion as to defendants New York City Transit Authority and Atlantic Paratrans of NYC, Inc., and otherwise affirmed, without costs.
Plaintiffs motion is properly considered one for renewal, since she submitted a properly notarized affidavit of a nonparty witness, thereby correcting an error in the original papers (see Mejia v Nanni, 307 AD2d 870, 871 [1st Dept 2003]; CPLR 2221 [e]). The court has discretion to relax the requirement that a motion to renew be based on newly discovered evidence or evidence not previously available, and to grant such a motion in the interest of justice, absent prejudice to the opposing party resulting from any delay (see Mejia v Nanni, 307 AD2d at 871; Shaw v Looking Glass Assoc., LP, 8 AD3d 100, 102 [1st Dept 2004]).
*529 Plaintiff established entitlement to judgment on liability as a matter of law by submitting evidence demonstrating that she was crossing the street, within the crosswalk, with a “walk” sign in her favor, when defendants’ vehicle, which was making a left turn, struck her (see Perez-Hernandez v M. Marte Auto Corp., 104 AD3d 489, 490 [1st Dept 2013]). The affidavits from the nonparty eyewitnesses and the police report confirm plaintiff’s version of the accident.
Defendants, in turn, failed to raise a triable issue of fact as to comparative negligence. Plaintiff averred that she looked both ways before entering the intersection and continued to look for traffic as she crossed the street, and that she could not have avoided the accident because she only noticed defendants’ vehicle, which was moving quickly, a “split second” prior to being struck. Contrary to the assertion of defendant driver, the position of plaintiff’s body after impact is not probative as to whether she was walking in the cross-walk prior to being struck.
The motion was properly denied as to defendant Metropolitan Transit Authority since plaintiffs motion to renew did not challenge the motion court’s finding in the order denying summary judgment that she failed to demonstrate the MTA’s alleged ownership of the subject vehicle.
We have considered and rejected defendants’ further arguments. Concur — Andrias, J.P., Acosta, Saxe, Renwick and Manzanet-Daniels, JJ. [Prior Case History: 37 Misc 3d 838.]