■■■ MARY JO DARE et al., Appellants, v MELISSA A. BYRAM, M.D., et al., Defendants, and JOHN C. MAERZ, M.D., et al., Respondents. [726 NYS2d 885] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of plaintiffs' motion seeking to compel defen-

dant Phillip C. Mahoney, M.D. to attend a further deposition to answer questions regarding certain acute care issues related to his treatment of David A. Dare (plaintiff). The questions regarding those acute care issues are related to Mahoney's examination, diagnosis and treatment of plaintiff and "for the purpose of establishing the generally accepted medical practice in the community" relating thereto (*McDermott v Manhattan Eye, Ear & Throat Hosp.*, 15 NY2d 20, 30; *see, Carvalho v New Rochelle Hosp.*, 53 AD2d 635). The court, however, properly denied that part of plaintiffs' motion seeking to compel Mahoney to answer questions concerning well-child care. Those questions relate solely to the alleged negligence of other defendant physicians (*see, Carvalho v New Rochelle Hosp.*, *supra; cf., Forgays v Merola*, 222 AD2d 1088).

The court also properly denied that part of plaintiffs' motion seeking to compel defendant John C. Maerz, M.D. to attend a further deposition to answer questions regarding acute care issues. Maerz treated plaintiff during well-child care visits only, and thus those questions also relate solely to the alleged negligence of other defendant physicians (*see, Carvalho v New Rochelle Hosp.*, *supra; cf., Forgays v Merola*, *supra*). We therefore modify the order by granting that part of plaintiffs' motion seeking to compel Mahoney to attend a further deposition to answer questions regarding acute care issues related to his examination, diagnosis and treatment of plaintiff, i.e., regarding urinary tract infections, hematuria, pyuria, reflux, IgA nephropathy and related questions, including questions concerning a suprapubic tap. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Discovery.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Burns, JJ.