Whelan v Mount St. Mary's Hosp. of Niagara Falls (2020 NY Slip Op 02005)





Whelan v Mount St. Mary's Hosp. of Niagara Falls


2020 NY Slip Op 02005


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


317 CA 19-00754

[*1]PATRICK J. WHELAN AND SHIRLEY P. WHELAN, PLAINTIFFS-APPELLANTS,
v
MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS, TIMOTHY G. DYSTER, M.D., AND NIAGARA FRONTIER RADIOLOGIC ASSOCIATES, PC, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS.






FARACI LANGE, LLP, BUFFALO (JENNIFER L. FAY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal, by permission of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered April 16, 2019. The order denied the motion of plaintiffs to compel defendant Timothy G. Dyster, M.D. to attend a further deposition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is granted.
Memorandum: Supreme Court erred in denying the motion of plaintiffs to compel defendant Timothy G. Dyster, M.D. to attend a further deposition and answer questions regarding the subsequent treatment of Patrick J. Whelan (plaintiff) at the Naples Community Hospital and Jackson Memorial Hospital. We agree with plaintiffs that Dr. Dyster may be questioned at a further deposition as an expert in the field of radiology regarding plaintiff's subsequent CT and contrast CT imaging and reports, the subsequent medical records, and the findings documented in the angiogram report (see Johnson v New York City Health & Hosps. Corp., 49 AD2d 234, 236-237 [2d Dept 1975]; see generally McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20, 26-30 [1964]). We also agree with plaintiffs that any such questions would not relate solely to the negligence of another defendant physician (see Clack v Sayegh, 148 AD3d 1664, 1665 [4th Dept 2017]; Carvalho v New Rochelle Hosp., 53 AD2d 635, 635 [2d Dept 1976]) and are relevant to plaintiffs' contention that defendants' negligent diagnosis and failure to adequately treat and care for plaintiff was the proximate cause of plaintiff's injuries (see Forgays v Merola, 222 AD2d 1088, 1088 [4th Dept 1995]; cf. Dare v Byram, 284 AD2d 990, 991 [4th Dept 2001]). We therefore reverse the order and grant the motion to compel Dr. Dyster to submit to a further deposition after he has had an opportunity to review the medical records related to plaintiff's subsequent treatment.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court